FILED
RICHARD W. NAGEL
CLERK OF COURT
2023 JAN 17 PM 2: 41

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No: 2:22-CR-194 |
| | : | |
| | : | JUDGE EDMUND A. SARGUS |
| v. | : | |
| | : | 18 U.S.C. § 1462(a) |
| | : | 18 U.S.C. §§ 2251(a)(1) & (e) |
| BERNHARD JAKITS | : | 18 U.S.C. §§ 2251(d)(1)(B) & (e) |
| | : | 18 U.S.C. § § 2252(a)(2) & (b)(1) |
| | : | 18 U.S.C. § 2422(b) |
| | : | FORFEITURE ALLEGATIONS |

**SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**(Sexual Exploitation of a Minor)**

From in or about December of 2018, through on or about January 13, 2019, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS,** did employ, use, persuade, induce, entice, and coerce, and did attempt to employ, use, persuade, induce, entice, and coerce, Jane Doe #1, an approximately 15-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, to wit: one or more digital image files depicting Jane Doe #1 engaged in the lascivious exhibition of the genitalia and pubic area, the production of such visual depictions using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, specifically cellular phones that were manufactured in whole or in part outside of the state of Ohio; and such visual depictions actually were transported and transmitted using any means and facility of interstate

1

and foreign commerce, specifically via the internet and cellular phones.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT TWO
### (Sexual Exploitation of a Minor)

On or about January 15, 2019, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS**, did employ, use, persuade, induce, entice, and coerce, and did attempt to employ, use, persuade, induce, entice, and coerce, Jane Doe #2, an approximately 13-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, to wit: one digital image file depicting Jane Doe #2 engaged in the lascivious exhibition of the genitalia and pubic area, the production of such visual depiction using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, specifically cellular phones that were manufactured in whole or in part outside of the state of Ohio; and such visual depiction actually was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, specifically via the internet and cellular phones.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT THREE
### (Attempted Sexual Exploitation of a Minor)

From on or about January 15, 2019, through on or about January 21, 2019, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS,** did attempt to employ, use, persuade, induce, entice, and coerce, Jane Doe #1, an approximately 15-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the

purposes of producing any visual depiction of such conduct and transmitting a live visual depiction of such conduct, and such visual depiction would have been produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, specifically cellular phones that were manufactured in whole or in part outside of the state of Ohio.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT FOUR
### (Attempted Sexual Exploitation of a Minor)

From on or about January 15, 2019, through on or about January 21, 2019, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS,** did attempt to employ, use, persuade, induce, entice, and coerce, Jane Doe #2, an approximately 13-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purposes of producing any visual depiction of such conduct and transmitting a live visual depiction of such conduct, and such visual depiction would have been produced or transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, specifically cellular phones that were manufactured in whole or in part outside of the state of Ohio.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT FIVE
### (Attempted Coercion or Enticement of a Minor)

From on or about January 14, 2019, through on or about January 21, 2019, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS,** using any means and facility of interstate and foreign commerce, including the internet and a cellular

phone, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is Jane Doe #1, an individual the defendant knew and believed to be an approximately 15-year-old female, to engage in any sexual activity for which any person can be charged with a criminal offense, including Ohio Revised Code Section 2907.323 (Illegal use of minor in nudity-oriented material or performance).

In violation of 18 U.S.C. § 2422(b).

## COUNT SIX
### (Attempted Coercion or Enticement of a Minor)

From on or about January 14, 2019, through on or about January 21, 2019, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS**, using any means and facility of interstate and foreign commerce, including the internet and a cellular phone, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is Jane Doe #2, an individual the defendant knew and believed to be an approximately 13-year-old female, to engage in any sexual activity for which any person can be charged with a criminal offense, including Ohio Revised Code Section 2907.323 (Illegal use of minor in nudity-oriented material or performance).

In violation of 18 U.S.C. § 2422(b).

## COUNT SEVEN
### (Making an Interstate Notice for Child Pornography)

From on or about January 14, 2019, through on or about January 21, 2019, in the Southern District of Ohio, the defendant, **BERNHARD JAKITS**, did knowingly make and publish, and cause to be made and published, notices seeking participation in any act of sexually explicit conduct by any minor for the purpose of producing a visual depiction of such conduct,

4

and such notices were transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means, including the internet and cellular phone; to wit, the defendant sent statements via cell phone and the internet, seeking depiction of Jane Doe #1, an approximately 15-year-old female, and Jane Doe #2, an approximately 13-year-old female, participating in acts of sexually explicit conduct.

In violation of 18 U.S.C. §§ 2251(d)(1)(B) and (e).

## COUNT EIGHT
### (Receipt of Child Pornography)

From on or about January 1, 2019, through on or about January 14, 2019, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS**, did knowingly receive one or more visual depictions using any means or facility of interstate or foreign commerce, including a cellular phone and the internet, the production of such visual depictions having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such depictions being of such conduct, to wit: digital image files depicting Jane Doe #1 engaged in the lascivious exhibition of the genitalia and pubic area.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT NINE
### (Transportation of Obscene Matters)

On or about December 24, 2018, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS,** knowingly received, via an interactive computer service, an obscene matter, to wit: a live-streamed visual depiction of A.M., an adult female known to the

Grand Jury, which was transmitted from A.M. in Ohio to the defendant outside the state of Ohio.

In violation of 18 U.S.C. §§ 1462(a).

### **FORFEITURE A**

The allegations of Counts One through Four and Seven through Eight of this Superseding Indictment are hereby incorporated by reference as part of this Count as if fully rewritten herein for purposes of alleging forfeitures to the United States of America pursuant to the provisions of 18 U.S.C. § 2253.

As a result of the offense alleged in Counts One through Four and Seven through Eight of this Superseding Indictment, and upon conviction thereof, the defendant, **BERNHARD JAKITS**, shall forfeit to the United States:

(a) all matter containing said visual depictions or child pornography and child erotica transported, mailed, shipped and possessed in violation thereof; and,

(b) all property used and intended to be used to commit and to promote the commission of the aforementioned violations, including the following:

1. One Apple iPad Pro with a black case, serial number DMPWG0FTHPT4;
2. One black iPhone 11 Pro with a black case, serial number C39ZQ0T1N6XX;
3. One Apple iMac Desktop Computer, serial number C02ZK1LCJWDX; and
4. One Apple laptop computer with a black and silver case, serial number C17N6MT860685.
5. One Apple iPad, serial number DYTHG1AKDNQT

Forfeiture in accordance with 18 U.S.C. §§ 2253(a)(1) and (3) and Rule 32.2 of the Federal Rules of Criminal Procedure.

### **FORFEITURE B**

The allegations of Counts Five and Six of this Superseding Indictment are hereby incorporated by reference as part of this Count as if fully rewritten herein for purposes of alleging forfeitures to the United States of America pursuant to the provisions of 18 U.S.C. §

2428.

As a result of the offense alleged in Counts Five and Six of this Superseding Indictment, and upon conviction thereof, the defendant, **BERNHARD JAKITS**, shall forfeit to the United States:

(a) all matter containing said visual depictions or child pornography and child erotica, transported, mailed, shipped and possessed in violation thereof; and,

(b) all property used and intended to be used to commit and to promote the commission of the aforementioned violations, including the following:

1. One Apple iPad Pro with a black case, serial number DMPWG0FTHPT4;
2. One black iPhone 11 Pro with a black case, serial number C39ZQ0T1N6XX;
3. One Apple iMac Desktop Computer, serial number C02ZK1LCJWDX; and
4. One Apple laptop computer with a black and silver case, serial number C17N6MT860685.
5. One Apple iPad, serial number DYTHG1AKDNQT

Forfeiture in accordance with 18 U.S.C. §§ 2428 (a)(1) and (b)(1)(A) and Rule 32.2 of the Federal Rules of Criminal Procedure.

## **FORFEITURE C**

The allegations of Count Nine of this Superseding Indictment are hereby incorporated by reference as part of this Count as if fully rewritten herein for purposes of alleging forfeitures to the United States of America pursuant to the provisions of 18 U.S.C. § 1467.

As a result of the offense alleged in Count Nine of this Superseding Indictment, and upon conviction thereof, the defendant, **BERNHARD JAKITS**, shall forfeit to the United States:

(a) all obscene material produced, transported, mailed, shipped and received in violation of Title 18, United States Code, Chapter 71; and,

(b) all property used and intended to be used to commit and to promote the commission of the aforementioned violations, including the following:

1. One Apple iPad Pro with a black case, serial number DMPWG0FTHPT4;
2. One black iPhone 11 Pro with a black case, serial number C39ZQ0T1N6XX;
3. One Apple iMac Desktop Computer, serial number C02ZK1LCJWDX; and

       4. One Apple laptop computer with a black and silver case, serial number C17N6MT860685.
       5. One Apple iPad, serial number DYTHG1AKDNQT

    Forfeiture in accordance with 18 U.S.C. §§ 1467 (a)(1) and (b)(1)(A) and Rule 32.2 of the Federal Rules of Criminal Procedure.

                                    A TRUE BILL.

                                      *s/ Foreperson*
                                      FOREPERSON

KENNETH L. PARKER
United States Attorney

_____
HEATHER A. HILL (0100920)
EMILY CZERNIEJEWSKI (IL 6308829)
KEVIN KOLLER (NY 5180609)
Assistant United States Attorneys