# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:22-CR-00194-EAS |
| v. | : | JUDGE SARGUS |
| BERNHARD JAKITS, | : | **ORAL ARGUMENT REQUEST** |
| Defendant. | : | |

## DEFENDANT'S MOTION TO DISMISS COUNT NINE

Pursuant to Federal Rule of Criminal Procedure 12, Defendant Bernhard Jakits respectfully moves the Court to dismiss Count Nine of the superseding indictment (Doc. 46).  The reasons in support of this motion are set forth in the following Memorandum.

Respectfully submitted,

**/s/ David H. Thomas**
David H. Thomas (0071492), Trial Attorney
dthomas@taftlaw.com
Kathryn S. Wallrabenstein (0092172)
kwallrabenstein@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
41 S. State Street, Suite 1800
Columbus, OH 43215-4213
Tel: 614.221.2838

**/s/ Tillman J. Finley**
Daniel Marino (*pro hac vice*)
dmarino@marinofinley.com
Tillman J. Finley (*pro hac vice*)
tfinley@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC 20006
Tel: 202.223.8888

*Attorneys for Defendant Bernhard Jakits*

**MEMORANDUM**

Count Nine charges Defendant with receiving an "obscene matter" from an adult woman through "a live-streamed visual depiction" which was a private video chat between two consenting adults.  Prosecution of such facts under 18 U.S.C. § 1462 is unprecedented, and for good reason.  Applying the obscenity statutes to private sexual conduct between consenting adults violates the First and Fifth Amendments.  The Court, therefore, should find § 1462 unconstitutional as applied to the facts alleged here and dismiss Count Nine of the superseding indictment.

**I.     BACKGROUND OF FACTS AND CHARGES**

Count Nine of the superseding indictment charges that "[o]n or about December 24, 2018," Defendant "knowingly received, via an interactive computer service, an obscene matter, to wit: a live-streamed visual depiction of A.M., an adult female …."  The superseding indictment does not specify the "obscene matter" that Defendant is alleged to have received or describe it in any way other than stating it was "a live-streamed visual depiction of A.M., an adult female[.]"  However, one of the case agents has told the Defense that Count Nine is based on a video file entitled file_0007793.  That file is a recording of a private video chat between A.M. and Defendant wherein an obviously-pregnant A.M. engages in sexual acts using sex toys and a shampoo bottle, among other objects.

**II.    LAW AND ARGUMENT**

To the best of Defense counsel's knowledge, Count Nine of the superseding indictment represents the first time the federal government has brought an obscenity charge against a participant in a private video chat or call.  There is no allegation of public display, sale or commercial distribution (or non-commercial distribution, for that matter).  All that is alleged is that two consenting adults participated in a private video chat and that their conversation and/or

actions during the video chat were obscene.  There is not even an allegation that either of the participants ever distributed a copy of the video chat to anyone, even each other; the chat itself is alleged to be the transmission "received" by Defendant.

Application of 18 U.S.C. § 1462 to these facts presents serious constitutional concerns.

In *Stanley v. Georgia*, 394 U.S. 557 (1969), the Supreme Court held that a Georgia statute prohibiting the possession of obscene matter, even within the home, was incompatible with the First and Fourteenth Amendments.  *Id.* at 568.  Finding the statute too broad, the Court explained that "traditional notions of individual liberty" and the paramount importance accorded in our society to the "privacy of a person's own home" create a "right to be free from state inquiry into the contents of [one's home] library."  *Id.* at 565.  Thus, the government's regulatory "power simply does not extend to mere possession [of obscene materials] by the individual in the privacy of his own home."  *Id.* at 568.

To be sure, in subsequent decisions the Supreme Court has made clear that the First Amendment's protection for possession of obscene materials does not create a corresponding right to sell, market, or distribute such materials to those exercising that right.  For example, in *United States v. Reidel*, 402 U.S. 351 (1971), the Court held that the right announced in *Stanley* did not apply to those who "are routinely disseminating obscenity through the mails and who have no claim, and could make none, about unwanted governmental intrusions into the privacy of their home."  *Id.* at 354-55.  In the Court's words, "[w]hatever the scope of the 'right to receive' referred to in Stanley, it is not so broad as to immunize" the advertising of obscene materials for sale and the sending of such materials in the mail.  *Id.* at 355.  Neither does a private user have a right to import obscene materials, to obtain them through the mail, or to transport them outside the home.

3

*See Smith v. United States*, 431 U.S. 291, 307 (1977); *United States v. Orito*, 413 U.S. 139, 141 (1973); *United States v. Thirty-Seven (37) Photographs*, 402 U.S. 363, 376 (1971).

*Stanley* and its progeny, however, addressed the possession of material depicting an obscene matter, not the obscene matter itself—*i.e.*, the conduct deemed obscene.  While subsequent cases may have limited the liberty interest recognized in *Stanley* to materials possessed and maintained in the home, none of those cases suggested that obscenity laws could be applied so as to criminalize participation in *the obscene conduct* itself in a private setting.  That is the "obscene matter" to which Count Nine is addressed in this case, *i.e.*, allegedly obscene conduct "live-streamed" in a private, video chat between two consenting adults.

In fact, in a separate body of case law, the Supreme Court has spoken to the limits the Constitution places on the criminal law in this area.  In *Lawrence v. Texas*, 539 U.S. 558 (2003), the Court held that the Due Process Clause prevents the government from burdening intimate, consensual relationships by criminalizing private sexual acts.  In *Lawrence*, the Court held a Texas statute making it a crime for two persons of the same sex to engage in certain intimate sexual conduct violated the liberty and privacy interests protected by the Due Process Clause of the Fourteenth Amendment.  *Id.* at 564, 573-78.  As Justice Kennedy explained at the outset of his opinion for the majority:

> Liberty protects the person from unwarranted government intrusions into a dwelling or other private places.  In our tradition the State is not omnipresent in the home.  And there are other spheres of our lives and existence, outside the home, where the State should not be a dominant presence.  Freedom extends beyond spatial bounds.  Liberty presumes an autonomy of self that includes freedom of thought, belief, expression, and certain intimate conduct.

*Id.* at 562.

Whatever societal interests may justify prohibitions on the sale, distribution, importation and other public dissemination of material depicting obscene matters, the Due Process Clause

clearly protects the autonomy of consenting adults in engaging in intimate conduct.  Indeed, *Stanley* makes clear that Defendant has a First Amendment right to possess obscene material in the privacy of his home.  Private participation in the obscene matter itself, even via video chat, cannot have less constitutional protection than the act of possessing material depicting such conduct.  Recent advances in the quality of video chat applications and their widespread availability have made digital communications an increasingly common means of interaction between sexual partners.  Individuals do not forfeit the constitutional protections that apply to their private choices regarding intimate conduct merely because they use a computer or smartphone.  The criminal obscenity statues have never before been used to prosecute non-public conduct between consenting adults, and the Court should not permit the government to start now.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court find 18 U.S.C. § 1462 unconstitutional as applied to the conduct alleged in Count Nine of the superseding indictment, *i.e.*, participating in an allegedly obscene private video chat between consenting adults. Count Nine, therefore, must be dismissed.

We note that no evidentiary hearing is required or requested for this Motion.  However, pursuant to Local Civil Rule 7.1(b)(2) and Local Criminal Rule 1.2, Mr. Jakits respectfully requests that the Court schedule oral argument on the instant Motion.  We submit that argument is essential to the fair resolution of the issues raised, especially in light of the constitutional nature of the issues and the complexity of the factual and legal issues presented.

Respectfully submitted,

**/s/ David H. Thomas**
David H. Thomas (0071492), Trial Attorney
dthomas@taftlaw.com
Kathryn S. Wallrabenstein (0092172)

5

kwallrabenstein@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
41 S. State Street, Suite 1800
Columbus, OH 43215-4213
Tel: 614.221.2838

**/s/ Tillman J. Finley**
Daniel Marino (*pro hac vice*)
dmarino@marinofinley.com
Tillman J. Finley (*pro hac vice*)
tfinley@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006
Tel:  202.223.8888

*Attorneys for Defendant Bernhard Jakits*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorneys Heather Hill and Emily Czerniejewski, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, on February 6, 2023, by electronic mail.

**/s/ David H. Thomas**
David H. Thomas, Trial Attorney

6