**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                               **Case No. 2:22-CR-194**
     **v.**                         **Judge Edmund A. Sargus, Jr.**

**BERNHARD JAKITS,**

       **Defendant.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motions: to Dismiss Superseding Indictment (ECF No. 56), to Dismiss Counts One Through Eight Due to Duplicity and/or Multiplicity (ECF No. 57), to Sever Count Nine (ECF No. 58), to Dismiss Count Nine (ECF No. 59). Also before the Court are Defendant's Motion to Dismiss Indictment and to Dismiss Counts One Through Seven Due to Duplicity and/or Multiplicity. (ECF Nos. 32,33.). The Court held oral argument on these motions on February 27, 2023.

For the reasons stated below, Defendants' Motion to Dismiss Superseding Indictment is **DENIED** (ECF No. 56), Defendant's Motion to Dismiss Counts One Through Eight Due to Duplicity and/or Multiplicity is **DENIED** (ECF No. 57), Defendant's Motion to Sever Count Nine is **GRANTED** (ECF No. 58), and Defendant's Motion to Dismiss Count Nine is **HELD IN ABEYANCE** (ECF No. 59).

## I.  CHARGES

On October 11, 2022, the Grand Jury returned an eight-count indictment against Bernhard Jakits.  (ECF No. 4).  Mr. Jakits was charged with three counts of sexual exploitation

of a minor in violation of 18 U.S.C. §§ 2251(a) and (e) (*Id.*, at 1-3), two counts of coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b) (*Id.*, at 3-4), one count of making an interstate notice for child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(B) and (e) (*Id.*, at 4), one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (*Id.*, at 4-5), and one count of interstate communications with intent to extort in violation of 18 U.S.C. § 875(d) (*Id.*, at 5). The indictment named two minor victims, and one adult victim, who is described in Count Eight only. (*Id.*). An arrest warrant was issued the same day and Mr. Jakits was taken into custody on October 14. (ECF No. 6).

On November 23, 2022, Defendant filed two motions, a Motion to Dismiss Indictment and a Motion to Dismiss Counts One Through Seven Due to Duplicity and/or Multiplicity. (ECF Nos. 32, 33). Before the United States responded to these motions, the Grand Jury returned a superseding indictment, on January 17, 2023. (ECF No. 46). This indictment included nine counts: two counts of sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e), two counts of attempted sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e), two counts of attempted coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b), one count making an interstate notice for child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(B) and (e), one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of transportation of obscene matters in violation of 18 U.S.C. §§ 1462(a) (*Id.*, Pages 1–5).

## II.  MOTIONS TO DISMISS

### A.    Motion to Dismiss Superseding Indictment (ECF No. 56)

Defendant has asked the Court to dismiss the entirety of the government's superseding indictment.

#### 1.    Standard

Indictments in federal court must comply with constitutional requirements and the Federal Criminal Rules of Procedure.  The relevant constitutional requirements in this case are found in the Fifth and Sixth Amendments.  The Fifth Amendment protects against double jeopardy.  It states, in part, that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. Amend. V.  The Sixth Amendment provides a different form of protection.  It declares "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation[.]" U.S. Const. Amend. VI. The Federal Rules of Criminal Procedure provide more specific guidance.  Most relevant here is Federal R. Crim. P. 7(c)(1), which requires indictments to include "a plain, concise, and definite written statement of the essential facts constituting the offense charged. . .."  The Supreme Court has weighed in on the constitutionality of indictments as well.  The Court identified two constitutional requirements.  "'[F]irst, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117).  2.  Analysis

Defendant contends that the superseding indictment should be dismissed because it fails to make factually sufficient assertions.  (*Id.*, Page 1).  Mr. Jakits points to four general areas of

insufficiency, stating that the indictment fails "(a) to identify the particular factual bases for the charges, (b) to provide Mr. Jakits with sufficient notice of the conduct against which he is called to defend, (c) to ascertain the specific offenses the grand jury authorized be charged, and (d) to provide Mr. Jakits with effective protection against the risk of double jeopardy."  (*Id*.). Alternatively, if the Court finds the indictment sufficient, "Mr. Jakits requests a bill of particulars identifying the specific acts, conduct, and images on which each charge is based."  (*Id*.).

The United States responds that "the Superseding indictment is sufficient because: (1) it contains the elements of the offenses charged; (2) it 'fairly informs' the defendant of the charge he must meet; and (3) there is no risk of future prosecutions for the same offenses." (ECF No. 64, Page 1).  For the reasons detailed below, this Court agrees.

### a.      Elements of the Offense Charged

Defendant's first challenge to the indictment is that it fails to "identify the particular factual bases for the charges" contained within, and thus fails to provide notice of the charges against him.  (ECF No. 56, Pages 1, 4).  He argues that "[e]ach of the first eight counts simply repeats certain portions of the text of the statute, including multiple alternatives by which certain elements may be satisfied and even multiple potential offenses, while omitting other portions of the statutory text and some essential elements of the putative offenses, all without providing sufficient factual detail regarding the specific actions, communications, images, videos, "sexually explicit conduct" or "sexual activity" involved beyond general time ranges and pseudonyms referencing one or more of the alleged victims."  (ECF No. 56, Page 7).

As the United States correctly points out, however, the indictment sufficiently identifies the factual bases for each charge against Mr. Jakits.  "The charges inform the defendant of the date or date range he is alleged to have committed each criminal offense; provide the identity of

4

the victims of each offense; describe the venue for each offense; recite the statutory elements of the offenses charged; and generally describe the sexually explicit nature of the acts engaged in by the victims or in which the defendant sought to have them engage." (ECF No. 64).  This is sufficient to provide notice to Mr. Jakits of the charges against him.

Sixth Circuit precedent is illustrative of the information an indictment must contain to be considered sufficient.  In *Horton*, the Circuit upheld an indictment that provided a "a seven-day timeframe during which Horton committed the offense, the place where Horton mailed the threatening communication, and the entity to whom Horton addressed the communication." *United States v. Horton*, 580 F. App'x 380 (6th Cir. 2014).  This brevity is typical, as [t]he modern" rules of civil procedure "'encourage[s] succinct criminal pleadings.'"  *Id*., at 383 (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)).  Here, the superseding indictment contains all these requirements and more.  While some of the date ranges are longer than seven days, none is so long that they fail to put Mr. Jakits on notice.  The longest date range is "[f]rom in or about December of 2018, through on or about January 13, 2019," or, in other words, roughly a month and a half.  (ECF No. 46, Page 1).  Most others are roughly a week or less, and some are specific dates.  (*Id*., at 1–5).

Defendant also maintains that the indictment lacks specificity regarding his conduct and the precise pornographic files the government intends to use as evidence.  (ECF No. 56, Page 7) (ECF No. 69, Page 9).  According to Defendant, this lack of specificity deprives him of notice of the charges brought against him.  (*Id*.).  However, neither the constitution nor the Federal Rules of Criminal Procedure require the specificity for which Defendant argues.   Indictments must, of course, "fairly infor[m] a defendant of the charge against which he must defend."  *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007).  However, "[a]n indictment need not list every

particular of the offense." *United States v. Richard*, 775 F.3d 287, 292 (5th Cir. 2014). Instead, "[a]n indictment is generally deemed sufficient if it tracks the language of the statute. *United States v. Horton*, 580 F. App'x 380, 383 (6th Cir. 2014).[1] The indictment in this case appears to do so, on all counts. This case is similar to *United States v. Fisk*. There, the district court found an indictment sufficient which charged the defendant with possessing "depictions of a minor engaging in sexually explicit conduct," but did not include more specifics as to the content of the images. *United States v. Fisk*, 255 F. Supp. 2d 694, 701 (E.D. Mich. 2003).

Here, the nature of the charges against Mr. Jakits reduces the importance providing specific information regarding each particular pornographic files the government plans to use. The government charged Mr. Jakits with counts related to the sexual exploitation of a minor, the coercion of a minor, making an interstate notice for child pornography, receipt of child pornography, and transportation of obscene matters. (ECF No. 46, Pages 1–5). For the exploitation and coercion charges, the pornographic photographs are not strictly necessary for Jakits to be convicted.[2] They are merely one piece of evidence of exploitation, not a unit of prosecution.

As Defendant is not entitled to information regarding "the precise manner each charged crime is alleged to have been committed," the government need not identify each particular pornographic file to fulfill its notice requirements. *United States v. Foster*, 2022 WL 3378639, at *2 (N.D. Ohio August 12, 2022). And while there is one child pornography charge, it is apparent that Defendant is familiar with the photographs in the government's possession. In his

---

[1] Defendant's complaint that "[e]ach of the first eight counts simply repeats certain portions of the text of the statute" is not well taken, as "[a]n indictment is generally deemed sufficient if it tracks the language of the statute. *United States v. Horton*, 580 F. App'x 380, 383 (6th Cir. 2014).

[2] Similarly, the photographs are not units of prosecution for the making an interstate notice for child pornography and transportation of obscene matters charges.

December 16, 2022, Motion to Revoke, Defendant acknowledges receiving in discovery twenty-seven digital photographs of his alleged victims.  (ECF No. 37, Pages 236–37).  Defendant even describes some the photos.  *Id*.  Defendant has been "fairly inform[ed]… of the charge against which he must defend."  *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007).  As such, specific file names and descriptions in the indictment are not necessary to provide notice in this instance.

Defendant's argument that the indictment contains "multiple alternatives by which certain elements may be satisfied and even multiple potential offenses, while omitting other portions of the statutory text and some essential elements of the putative offenses," and thus is insufficient, also fails to provide a reason for dismissal.[3]  A plain reading of the superseding indictment shows that each count tracks the language of the statute under which the Defendant is being charged.  (ECF No. 46, Pages 1–5).  The missing essential elements of the putative offenses are not truly missing.[4]  It is well settled precedent that attempt charges in indictments "need not specifically allege a particular overt act or any other 'component par[t]' of the offense."  *Resendiz-Ponce*, 549 U.S. at 107 (quoting *Hamling*, 418 U.S. at 119).  Such a "substantial step or overt act is charged where the grand jury alleges that a defendant 'did attempt' the commission of a specific criminal act."  *United States v. Davis*, 300 F. App'x 393, 398-99 (6th Cir. 2008).  That is the case here.  Similarly, the mens rea element of each charge can be inferred from the specific language used.  See *United States v. Killingsworth*, No. 21-

---

[3] As the United States points out, "Although he repeatedly and generally claims that the Superseding Indictment fails to set forth the elements of the charged offenses, the defendant only specifically articulates that the intent and overt act elements in the attempt charges are missing."  (ECF No. 64, Page 21).  Further, Defendant only makes this argument to count one.  (*Id*.).  However, like the government, this Court will presume that Defendant intended to make this argument as to all counts.

[4] While Defendant alleges generally that the Counts are missing essential elements, he specifically points to only the intent and overt act elements in the attempt charges as missing

3028, 2022 WL 294083, at * 4 (6th Cir. Feb. 1, 2022).[5]  Thus, the indictment is not missing any essential elements.

Further, the "multiple alternatives by which certain elements may be satisfied" that Defendant complains of are no such thing.  (ECF No. 56, Page 7).  Defendant's concern seems to stem primarily from the inclusion in Counts One and Two of both an attempt and a completed crime.  (*Id.*).  However, as described below in the section titled "Motion to Dismiss Counts One Through Eight Due to Duplicity and/or Multiplicity," the inclusion of such an attempt and a completed charge in the same count is not barred by the United States constitution or the Federal Rules of Criminal Procedure.

### b.    Risk of Future Prosecutions for the Same Offenses

Defendant's second challenge to the indictment is that the document "is deficient both with respect to the Fifth Amendment's right to be tried only upon charges found by a grand jury and the right to be free from the risk of double jeopardy."  (ECF No. 56, Page 16) (*see also* ECF No. 69, Page 9).   This Court disagrees.

As described above, the government's indictment contains sufficient factual detail to pass constitutional muster.  "The charges inform the defendant of the date or date range he is alleged to have committed each criminal offense; provide the identity of the victims of each offense; describe the venue for each offense; recite the statutory elements of the offenses charged; and generally describe the sexually explicit nature of the acts engaged in by the victims or in which the defendant sought to have them engage."  (ECF No. 64).  While Defendant argues "[t]here is

---

[5] "Here, the indictment specifically alleges Killingsworth knowingly and willfully transmitted a communication threatening to kill police officers, and this is sufficient. A reasonable reader of the indictment could conclude that Killingsworth 'willfully and knowingly' transmitted the Facebook posts listed in the indictment 'for the purpose of issuing a threat, or with the knowledge that the [posts would] be viewed as a threat.' *Elonis*, 575 U.S. at 740. Accordingly, the indictment against Killingsworth sufficiently contains each element necessary to constitute an offense under 18 U.S.C § 875(c), including the intent requirement."

thus no guarantee that whatever facts or theories the government presents at trial are the same facts and theories on which the grand jury passed," this section of his motion does not point to any in circuit cases entitling him to any more information than he has already received.  Given the lack of precedential support and the indictment's sufficiency, Defendant's Fifth Amendment argument cannot provide a basis to dismiss the indictment.

Defendant's double jeopardy argument suffer the same fate.  The indictment "informs him of the elements of the offenses with which he is charged and …his alleged actions and the victims of, time, and place of those action."  (ECF 64, Page 14).  This is sufficient to "enabl[e] [defendants] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Resendiz-Ponce*, 549 U.S. at 108.  Each count tracks the language of a statute, and "[a]n indictment is generally deemed sufficient if it tracks the language of the statute." *United States v. Lee*, 2016 U.S. Dist. LEXIS 174984 (N.D. Ohio Dec. 19, 2016*)* citing *Hamling v. United States*, 418 U.S. 87, 114 (1974)).  The defendant in *Horton* made a similar argument, which the court rejected.  That indictment, which arguably included less specific identifying information than the instant indictment, was found to be "sufficient to protect Horton from double jeopardy."  *United States v. Horton*, 580 F. App'x 380, 386 (6th Cir. 2014).

Defendant's reliance on *United States v. Hillie* is misplaced.  There, the court found an indictment provided the defendant with insufficient notice.  The court reasoned that the child pornography charges against Hillie

> provides only a verbatim recitation of the language of the criminal statute, devoid of any facts regarding the circumstances of Hillie's behavior and adorned only with the broadest possible references to time and place. Based on the indictment, one knows only that Hillie did something involving visual depictions of sexually explicit conduct of a minor 'in the District of Columbia' … and that the government has chosen to charge this alleged criminal activity (whatever it is) in a series of separate counts that appear to differ based solely on the overlapping time frames that relate to each count. The indictment is barren of factual averments regarding

the what, where, or how of Hillie's conduct, and thus, a non-clairvoyant reader cannot possibly ascertain the substance of the government's accusations from the face of the charging instrument.

*United States v. Hillie*, 227 F. Supp. 3d 57, 72 (D. D.C. 2017).

In contrast to *Hillie*, in this case, the government provides greater specificity in the indictment against Mr. Jakits. The counts identify the victims (through the use of pseudonyms), overlapping and specific dates on which Jakits allegedly committed his crimes, and include a wider variety of charges. (ECF No. 46, Pages 1–5). Unlike in *Hillie*, the counts in this case do not "appear to differ based solely on the overlapping time frames that relate to each count." (*Id.*). Even Defendant admits that the instant indictment contains more than was alleged in Hillie's indictment. (ECF No. 56, Page 8). The indictment constitutes a "statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Russell v. United States*, 369 U.S. 749, 765(1962). It is not "impossible to discern—and therefore to distinguish between—the conduct underlying each separate count." *United States v. Hillie*, 227 F. Supp. 3d 57, 72 (D.D.C. 2017).

The United States' indictment in this action is constitutionally sufficient, and compliant with the Federal Rules of Criminal Procedure. As such, Defendant's Motion to Dismiss Superseding Indictment is **DENIED**. (ECF No. 56). Further, Defendant's requested alternative relief, a Bill of Particulars, is similarly **DENIED**. The government's indictment adequately appraises Defendant of the charges against him. Further, the government has provided extensive discovery. (ECF No. 64, Page 22) (ECF No. 45). As such, a Bill of Particulars is unnecessary.

**B.** **Motion to Dismiss Counts One Through Eight Due to Duplicity and/or Multiplicity (ECF No. 57)**

Defendant has asked the Court to dismiss Counts One through Eight due to Duplicity and/or Multiplicity. He maintains that Counts One and Two are each duplicitous because "they

10

improperly charge Defendant with two separate offenses."  (ECF No. 57, Page 2).  He argues

Counts Two and Four are multiplicitous because "they each charge the same offense of

attempted production of child pornography with respect to Jane Doe #2."  (*Id*.).  And finally,

Defendant contends that Counts One through Eight are multiplicitous because they charge "eight

offenses based upon the same facts, same communications, same conduct, and same images."

(*Id*.).  The Court disagrees.

"The familiar rule prohibiting duplicitous pleading … is that an indictment may not join

in a single count two or more distinct and separate offenses." *United States v. Saleh*, 875 F.2d

535, 537 (6th Cir. 1989).  An indictment is duplicitous if it sets forth separate and distinct crimes

in one count." *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007).  Crimes are generally

considered separate and distinct "if each requires proof of an additional fact that the other does

not."  *United States v. Davis*, 306 F.3d 398, 416 (6th Cir. 2012).  The danger of a duplicitous

pleading "is that a jury may find a defendant guilty on the count without having reached a

unanimous verdict on the commission of any particular offense[.]" *United States v. Robinson*,

651 F.2d 1188, 1194 (6th Cir. 1981) (quoting *United States v. UCO Oil Co*., 546 F.2d 833, 835

(9th Cir. 1976)).  Such a result would violate both the Fifth and Sixth Amendments.

> "The vices of duplicity arise from breaches of the defendant's Sixth Amendment right to knowledge of the charges against him, since conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offenses contained in the count. A duplicitous indictment also could eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of a lack of clarity concerning the offense for which he is charged or convicted."

*United States v. Varela*, 2022 WL 2187746 (D.Ariz. June 17, 2022) (citing *United States v.*

*Aguilar*, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985)).

Like duplicity, multiplicity poses its own dangers.

> "A multiplicitous indictment charges a single offense in several counts. Its dangers are that the defendant may be given multiple sentences for what Congress

> considered a single offense, and that prolix recitation may falsely suggest to a jury that a defendant has committed not one but several crimes."

*United States v. Duncan*, 850 F.2d 1104 (6th Cir. 1988); *See* C. Wright, supra, § 142 at 475-76 & n.19; *see also United States v. Mann*, 195 F. App'x 430 (6th Cir. 2006).

The test for multiplicity is well established. Courts are required to "analyze, under *Blockburger v. United States*, 284 U.S. 299 (1932), whether each charge requires proof of a fact that the other charge does not; if each charge does, then the charges accuse different crimes and are therefore not multiplicitous." *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1981).

Defendant contends that "Counts One and Two should be dismissed pursuant to the Fifth and Sixth Amendments and Rule 12(b)(3)(B)(i) due to duplicity because each of these four counts are defective in that they improperly charge Defendant with two separate offenses, *i.e.*, both a substantive violation of the referenced statute and a separate attempt to commit such a violation." (ECF No. 57, Page 6). While Defendant is correct that "an indictment may not join in a single count two or more distinct and separate offenses," that is not what has occurred here. *United States v. Saleh*, 875 F.2d 535, 537 (6th Cir. 1989).

In this case, Counts One and Two each charge both an attempt and a completed crime. (ECF No. 46, Pages 1–2). These charges do not run afoul of the general rule against joining two distinct offenses into a single count because the attempt and the completed crime are not distinct. The attempt is merely a lesser-included offense. A charge is considered a lesser-included offense when "'the elements of the lesser offense are identical to part of the elements of the greater offense.'" *United States v. Bradley*, 917 F.3d 493, 508 (6th Cir. 2019); *see also United States v. Prabhu Ramamoorthy*, 949 F.3d 955 (6th Cir. 2020). The completed crime must be a specific-intent crime, as attempted general intent crimes require the proof of an additional element, that of specific intent. *See Ramamoorthy*, 949 F.3d at 960–61. Here, the charges are

two counts of Sexual Exploitation of a Minor and two counts of Attempted Sexual Exploitation of a Minor in violation of 18 U.S.C. §§ 2251(a) and (e). Both the completed crime and the attempt are specific intent crimes. *United States v. Lilley*, No. 15-6415(6th Cir. July 26, 2017). The Court anticipates that, with regard to both counts, the jury will be given separate instructions and verdict forms, on the alleged attempt crime and on the alleged completed crime.

Similarly, Defendant's first multiplicity argument, that Counts Two and Four "both charge Defendant with the same attempted production of child pornography with respect to Jane Doe #2" does not warrant dismissal. (ECF No. 57, Page 10). A plain reading of Counts Two and Four reveals each "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Count Two requires proof that "on or about January 15, 2019" Jakits created "one digital image depicting Jane Doe #2 engaged in the lascivious exhibition of the genitalia and pubic area." (ECF No. 46, Page 2). Count Four, while overlapping, requires a different date range. In order to convict Defendant under Count Four, the government must prove that "[f]rom on or about January 15, 2019, through on or about January 21, 2019" Jakits "did attempt to employ, use, persuade, induce, entice, and coerce, Jane Doe #2, an approximately 13-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purposes of producing any visual depiction of such conduct and transmitting a live visual depiction of such conduct." (*Id.*, Page 3).

The difference, as the dates show, is that these indicted attempts at sexual exploitation involved separate actions—One occurred on January 15, while the other took place over a week, until January 21. Count Two requires proof of the (attempted) sexual exploitation of a minor that occurred on January 15 and Count Four requires proof of a course of conduct of attempted

sexual exploitation of a minor that occurred over the course of a week.  As both counts require proof of a fact that the other does not, there is no multiplicity here.

Defendant's second multiplicity argument is that "all eight of the child pornography-related counts charge, recharge, and charge yet again the same conduct, communications, and small number of images as multiple different charges."  (ECF No. 57, Page 10).  However, Defendant fails to apply the *Blockburger* test in support of his argument.  (ECF No. 57).  Instead, Defendant attempts to argue, using other, less relevant caselaw, that an individual may not be charged with multiple offenses based on the same events.

That is, while Defendant cites to *Ball v. United States* for the proposition that "[a]n indictment which charges a defendant with multiple offenses based upon the same events is multiplicitous," he does so erroneously.  (ECF No. 57, Page 11) (citing *Ball v. United States*, 470 U.S. 856, 860 (1985)).  Nowhere in that opinion does the Court make such a statement.  In *Ball*, the defendant was charged with receiving a firearm under 18 U.S.C. § 922(h), as well as possessing a firearm under 18 U.S.C. § 1202(a)(1).  The Court, applying the *Blockburger* test, found multiplicity.  The Court reasoned that "proof of illegal receipt of a firearm necessarily includes proof of illegal possession of that weapon."  *Id*., at 862.  The Court noted that "it is clear that Congress did not intend to subject felons to two convictions; proof of illegal receipt of a firearm necessarily includes proof of illegal possession of that weapon.").

The government, on the other hand, does apply the *Blockburger* test, stating:

> "Attempted exploitation of a minor requires proof that the defendant attempted to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, which is not an element of the other charges. *See* 18 U.S.C. § 2251(a). And unlike § 2251(a) and § 2422(b), § 2251(d) requires proof that a defendant "made, printed or published any notice or advertisement." Finally, the § 2422(b) counts also require proof of an element that the other counts do not: namely, that the defendant attempted to persuade a minor "to engage in sexual

14

activity for which any person can be charged with a criminal offense." (Doc. # 46, Superseding Indictment.)"

(ECF No. 64, Pages 30–31)

The government distinguishes between Counts One and Seven.

"Both counts involve pornographic images of Jane Doe #1 that the defendant directed her to take and send to him. But because each count requires proof of an additional fact that the other does, the counts are not multiplicitous and charging both does not violate the Double Jeopardy Clause."

*Id.*, at 31.

Each count "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Defendant's second multiplicity argument fails. The Motion to Dismiss Counts One Through Eight Due to Duplicity and/or Multiplicity is **DENIED**.

## C. MOTION TO SEVER COUNT NINE

Defendant has moved to Sever Count Nine from the indictment. He gives two reasons for severance. First, "none of the grounds for joinder of offenses under Rule 8(a) are [sic] satisfied." (ECF No. 58, Page 2). Second, "trying Count Nine together with Counts One through Eight will unfairly prejudice Defendant." (*Id.*). The United States denies the necessity of severance. (ECF No. 69, Page 23). It maintains that "[j]oinder of the offenses was proper under Rule 8, and the defendant has not shown any potential prejudice sufficient to justify severance under Rule 14." (ECF No. 65, Page 4). The Court concurs with the United States in part and Jakits in part.

### a.   Rules Governing Severance

The Federal Rules of Criminal Procedure govern joinder in federal criminal cases. Relevant here are R. Crim. P. 8(a) and 14(a). *see Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017).

15

1.      **Rule 8(a)**

Criminal Rule 8(a) states that counts may be joined in a single indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  R. Crim. P. 8(a).  The joinder rule is not such that it "require[s] that all evidence relating to each charge be admissible in separate trials." *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983).  Rather, "when the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate."  *Id*.; (quoting *United States v. Anderson,* 642 F.2d 281, 284 (9th Cir. 1981)); (*see also Benson v. United States*, 2006 U.S. Dist. LEXIS 21731 (E.D. Tenn. Mar. 29, 2006)).

Rule 8 must be construed broadly to "'promote the goals of trial convenience and judicial efficiency.'" *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983)).  However, if the requirements of Rule 8(a) are not met, courts have "no discretion on the question of severance.  Severance in such a case is mandatory." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982).  "Whether joinder [is] proper under Rule 8(a) is determined by the allegations on the face of the indictment." *United States v. Chavis*, 296 F.3d 450, 456-57 (6th Cir. 2002).

Here, Defendant maintains that none of the Rule 8(a) prongs supports joinder.  He begins by contending that Count Nine is not of the same or similar character as Counts One through Eight.  (ECF No. 58, Page 6).  "When assessing whether two offenses meet the 'same or similar' prong of Rule 8(a), courts consider several factors, including 'the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crime and the identity of the victims.'"

*United States v. Jackson*, No. 1:18CR695, 2019 WL 5802702, at *1 (N.D. Ohio Nov. 7, 2019)

quoting *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007)).

Given rarity of obscenity charges in federal court, there is little relevant precedent to

guide the Court's inquiry here. However, a district court in Arizona has dealt with a similar

situation, finding:

> "In the instant case, the images of obscenity and images of child pornography are both prohibited under law. The adult or the child in the image, consensually or not, are both exploited for commercial gain. In pursuit of commercial gain, the adult or the child in the image are both objectified, i.e., presented as an object. The objectification of the adult or the child in the image, willing or not, are both designed to arouse or appeal to a person's prurient interests."

*United States v. Schmit,* No. CR 7-1714, 2010 WL 5297639, at *3 (D. Ariz. Oct. 18, 2010)

(report & recommendation) adopted by 2010 WL 5297437 (D. Ariz. Dec. 15, 2010).

*Schmit* is relevant, persuasive, and supports joinder here. As the prosecution points out

"child pornography and obscenity are related concepts." (ECF No. 65, Pages 5–6). Both are

forms of speech entitled to little, or no, protection from the First Amendment. Further, joinder

here would "'promote the goals of trial convenience and judicial efficiency.'" *United States v.

Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 862

(6th Cir. 1983)). The obscenity count is of a similar, if not the same, character as the Counts

One through Eight. As such, joinder is permitted under the first prong of Rule 8(a). Thus, the

Court need not reach the other prongs of Rule 8(a).

### 2.     Rule 14(a)

Defendant contends "[e]ven if the Court finds that Count Nine is properly joined with

Counts One through Eight, the Court should sever Count Nine from Counts One through Eight

because it would unfairly prejudice Defendant to try all the counts in one consolidated trial."

(ECF No. 58, Page 11). As mentioned above, Rule 14(a) governs discretionary severance. It

states "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." R. Crim. P. 14(a). "The resolution of a Rule 14 motion is left to the sound discretion of the trial court." *United States v. Hang Le-Thy Tran*, 433 F.3d 472 (6th Cir. 2006).

It is well settled that "if evidence on one count is highly inflammatory this increases the risk that the jury may not be able to properly separate the evidence and disregard the inflammatory evidence when considering the defendant's guilt on the unrelated charges of the same character." *United States v. Silva*, No. 14-CR-4067 JAP, 2016 WL 9777178, at *4 (D.N.M. June 27, 2016) (citing *United States v. Baker*, 98 F.3d 330, 335 (8th Cir. 1996). In situations like those described, defendants may request the court, through a Rule 14(a) motion, to sever one or more counts from the others. To prevail on their severance motions, defendants "'must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever.'" *United States v. Campbell*, 2013 U.S. Dist. LEXIS 25096, 2013 WL 673713, at *3 (E.D. Mich. Feb. 25, 2013) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)); *see also United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) ([t]o show enough prejudice to require severance, a defendant must establish undue prejudice) (citing *United States v. McDonald*, 576 F.2d 1350, 1355 (9th Cir. 1978)). "[E]ven if [a] defendant established some potential prejudice or jury confusion, 'this must be balanced against society's need for speedy and efficient trials.'" *United States v. Henderson*, No. 94-5645, 1995 U.S. App. LEXIS 5983, at *13 (6th Cir. Mar. 21, 1995) (quoting *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1983)). "Absent a showing of substantial potential for prejudice, all counts charged in the indictment are normally tried together where they all 'arose out of the same, uninterrupted series

of transactions, making it highly efficient to try all of them together.'" *United States v. Henderson*, No. 94-5645, 1995 U.S. App. LEXIS 5983, at *13 (6th Cir. Mar. 21, 1995) (quoting *United States v. Joshua*, 976 F.2d 844, 847, 28 V.I. 177 (3d Cir. 1992)).

The evidence the government will use to prove Count Nine has the potential to be highly prejudicial. Even the government acknowledges the inflammatory nature of the acts depicted in the eight-hour long video which underlies Count Nine. (ECF No. 69, Page 26). The prosecution has stated "that the videos found on Defendant's devices depicted 'some of the most horrific' adult pornography she had ever seen." (ECF No. 58, Page 14). While child pornography and child exploitation are themselves highly inflammatory charges, the evidence underlying them in this case is not of the same nature as the video underlying Count Nine. Defendant rightly states "[m]any, if not all, of the jurors will have negative reactions to [the video], anyone involved in them, and anyone perceived to enjoy or obtain sexual gratification from such activities." (*Id.*, Page 12). As such, it is likely that the evidence used to prove Count Nine will unduly prejudice the view of the jurors against Defendant.

Defendant makes clear that the reverse is also true. (ECF No. 58, Page 12). The video the government will use to prove Count Nine involves consenting adults engaged in "horrific" but otherwise legal sexual acts, if not deemed to be obscene. If Count Nine is tied to the other counts, a juror's view of the child exploitation could easily influence his/her perception of the sexual acts in Count Nine. The test for obscenity involves asking whether "'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest.'" *Kaplan v. California*, 413 U.S. 115, 118, 93 S. Ct. 2680, 37 L. Ed. 2d 492 & n.3 (1973) (citing *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607 (1973)). A juror's feelings of disgust and outrage at the child exploitation or pornography counts will likely

influence their view of whether Defendant's conduct in creating the video was outside the bounds of relevant community standards and vice versa. As such there is a real possibility that joining Count Nine to Counts One through Eight could unduly prejudice Defendant's defense against Count Nine. Further, the governments' proof as to Count Nine will not substantially overlap with proof involved in the other counts.

Defendant's Motion to Sever Count Nine is **GRANTED**.

**D. Motion to Dismiss Count Nine (ECF No. 59)**

Defendant has asked the Court to dismiss Count Nine. However, given the conclusion infra severing Count Nine from the rest of the indictment, this Court need not decide this issue at this time. Instead, Defendant's Motion to Dismiss Count Nine is **HELD IN ABEYANCE**.

## IV. CONCLUSION

For the reasons stated above Defendant's Motion to Dismiss Superseding Indictment (ECF No. 56) and Motion to Dismiss Counts One Through Eight Due to Duplicity and/or Multiplicity (CF No. 57) are **DENIED**. Defendant's Motion for Separate Trial on Counts Bernhard Jakits (1) Count 9s is **GRANTED**. Defendant's Motion to Dismiss Count Nine is **HELD IN ABEYANCE**. Further, given the government's submission of its superseding indictment, Defendant's two motions challenging the government's first indictment are **DISMISSED AS MOOT**. (ECF Nos. 32, 33).

Additionally, while Count Nine has been severed from Counts One through Eight, facts and evidence underlying Count Nine may or may not be admissible in the trial on Counts One through Eight. The parties are **DIRECTED** to file simultaneous briefing regarding whether any evidence relevant to Count 9 is admissible in the upcoming trial. The United States shall file their first brief within **SEVEN DAYS** of the issuance of this order. Defendant shall respond

20

within **SEVEN DAYS** of filing of the government's brief.  Finally, the government shall reply

within **FOUR DAYS** of the filing of Defendant's Response.

     **IT IS SO ORDERED.**


<u>**3/9/2023**</u>                         <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                               **EDMUND A. SARGUS, JR.**
                                     **UNITED STATES DISTRICT JUDGE**