UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case No. 2:22-CR-194
   v.                           JUDGE EDMUND A. SARGUS, JR.

BERNHARD JAKITS,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on:

(A) the Government's Motion in Limine Regarding Victim Identification (ECF No. 83) and Defendant's Memorandum in Opposition (ECF No. 95);

(B) the Government's Motion in Limine to Exclude Certain Evidence and Argument (ECF No. 84) and Defendant's Memorandum in Opposition (ECF No. 96); and,

(C) the Government's Motion in Limine to Exclude Evidence Pursuant to Rules 403 and 404(b) Regarding S.P. (ECF No. 86) and Defendant's Memorandum in Opposition (ECF No. 97).

**I.**

On October 11, 2022, the Grand Jury returned an eight-count indictment against Bernhard Jakits. (ECF No. 4). This indictment was superseded January 17, 2023. (ECF No. 46.) The superseding indictment included nine counts: Counts One and Two allege sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e); Counts Three and Four allege attempted sexual exploitation of a minor in violation of the same, 18 U.S.C. §§ 2251(a) and (e); Counts Five and Six allege attempted coercion or enticement of a minor in violation of

18 U.S.C. § 2422(b); Counts Seven alleges the making an interstate notice for child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(B) and (e); Count Eight alleges the receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), and (b)(1); and Count Nine is transportation of obscene matters in violation of 18 U.S.C. §§ 1462(a).

Defendant filed a motion requesting severance of Count Nine (ECF No. 58), which was opposed by the government (ECF No. 65). This Court granted Defendant's request (ECF No. 75), leaving Counts One through Eight as part of the first trial scheduled against Mr. Jakits.

## II.

Preliminary questions relating to the admissibility of evidence may be raised pretrial with the Court via a motion in limine. *Se*e Fed. R. Evid. 104(a); *Compton v. Kolvoord,* No. 92-3214, 1993 WL 141063, at *2 (6th Cir. Apr. 30, 1993). Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme Court has noted that the practice of such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984); *In re. E.I. Du Pont De Nemours & Co. C-8 Personal Injury Litigation*, No. 2:13-CV-1103, 2016 WL 3064124, at *2 (S.D. Ohio May 30, 2016)).). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial, to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004).

To obtain the exclusion of evidence, a party must prove that the evidence is clearly inadmissible on all potential grounds. *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential

2

prejudice may be resolved in proper context." *Ind. Ins. Co.* at 846; *In re. E.I. Du Pont*, 2016 WL 3064124, at *2.

Evidence is not admissible if it is irrelevant. *See* Fed. R. Evid. 401, 402. To establish the relevance of a particular matter, the evidence must affect the "probability of the existence of any fact that is of consequence to the determination of the action." Fed. R. Evid. 401. Further, even potentially relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

District courts also frequently grant motions in limine to prevent the introduction of improper character evidence at trial. *See* Fed. R. Evid. 402, 403, 404, 608, and 609; *U.S. v. Stout*, 509 F.3d 796, 797 (6th Cir. 2007) (affirming grant of motion in limine suppressing prior bad acts evidence); *Allstate Ins. Co. v. Shuler*, No. 94-5329, 1995 WL 258139, *4 (6th Cir. May 2, 1995) (affirming decision of district court granting motion in limine excluding character evidence until character attacked); *Randolph v. Ohio, Dept. of Youth Servs.*, No. C2- 01-1253, 2007 WL 2852356, *2 (S.D. Ohio Oct. 2, 2007) (granting motion in limine excluding improper character evidence); *Ross v. American Red Cross*, No. 2:09-cv- 00905-GLF-MRA, 2012 WL 2004810, at *4 (S.D. Ohio June 5, 2012) (granting motion in limine excluding improper character evidence).

### III.

The Court will consider the government's three motions in limine motions seriatim.

**A.    Motion in Limine Regarding Victim Identification**

The United States seeks direction on the manner in which victims are identified at trial. The government proposes "the adult victim" who is identified by her initials in the Superseding

Indictment, be identified "only by her first name and the first initial of her last name, specifically Ashley M." (ECF No. 83, at 1). And that "[t]he minor victims referred to in the Superseding Indictment as Jane Doe #1 (J.A.) and Jane Doe #2 (N.A.), be identified by their initials" (*Id.*). "To the extent that the Court has concerns regarding the use of initials, the government alternatively asks that the victims be referred to by their nicknames." (*Id.*).

Defendant "does not oppose referring to the individuals identified in the superseding indictment as Jane Doe #1, Jane Doe #2, and A.M. by something other than their full legal names." (ECF No. 95, at 1). Further, "[t]he Defense agrees with the government's proposal to use Ashley M. for A.M." (*Id.*). However, "the Defense has practical concerns about using first and last initials for Jane Doe #1 and Jane Doe #2." (*Id.*). Instead, Defendant prefers to refer to Jane Doe #1 and Jane Doe #2 by their nicknames. Because both sides agree to the use of nicknames, and the Court finds this choice acceptable as well.

Accordingly, reference at trial to Jane Doe #1 and Jane Doe #2 will be by nicknames and the adult victim will be referred to as Ashley M. The government's Motion in Limine Regarding Victim Identification is therefore **GRANTED**. (ECF No. 83).

**B.     Motion in Limine to Exclude Certain Evidence and Argument**

The United States moves to prevent Defendant from offering any evidence or argument related to:

> (1) discovery disputes between the parties; (2) bases for prosecution determinations and/or comparisons of the facts underlying this case to those of other child exploitation or child pornography cases; (3) the defendant's knowledge of or beliefs about the ages of Jane Doe #1 and Jane Doe #2 for purposes of Counts One through Four; (4) any evidence of the defendant's "good acts" or character, other than that which is permitted pursuant to Federal Rules of Evidence 404 and 405; and (5) whether Jane Doe #1 and Jane Doe #2 consented to engage in the sexually explicit conduct at issue . . . . [(6)] any argument, evidence, or lines of inquiry designed to elicit or which has the effect of supporting jury nullification, including potential penalties the defendant will face if convicted.

4

(ECF No, 84, at 1). Defendant also makes an argument in his response memorandum related to the admissibility of the potential criminal sanctions against the alleged victims in this case. Thus, the Court will address that issue below as well.

### 1. References to and Comments Regarding Discovery

The government "moves to preclude counsel from referencing discovery in any way or otherwise commenting on discovery matters in the presence of the jury." (ECF No. 84, at 3). It argues that "[c]omments on discovery issues in front of the jury are irrelevant under Rule 401 and may create the misimpression that one side has suppressed information as a means of seeking an unfair advantage." (*Id*.).

Defendant responds that he "does not intend to detail the full extent of its discovery requests to the jury or the government's responses to those requests." (ECF No. 96, at 2). Rather, he asserts that "there are a number of matters that fall within or otherwise relate to the broad category of 'discovery' which would be entirely appropriate subjects of evidence or argument." (*Id*.). Defendant indicates that he intends to "point out evidence that is absent, evidence that was not sought by the government, evidence that was not provided and/or deleted by witnesses, and evidence that was available to the government but not examined and/or not made available to the Defense." (*Id*.). "In particular," Defendant focuses on "forensic evidence from the three phones Janet S. produced to the government which has been available to the government's expert, SA Saltar, but which the government has not made available to the Defense or its experts." (*Id*. at 3.) Defendant contends that this type of evidence "is entirely fair game" and that "[i]t is completely appropriate for the Defense to point out where the government has been able to examine and analyze something while the Defense has not. It is analogous to spoliation evidence, and the jury is entitled to hear it." (*Id*.) This Court disagrees.

5

The presentation of argument before a jury is not the remedy for failure to provide appropriate responses or disclosures to discovery requests. Instead, a motion to compel is the solution. Juries do not decide discovery disputes. *See Rheinfrank v. Abbott Labs., Inc.*, Case No. 1:13-cv-144, 2015 U.S. Dist. LEXIS 120581, *21–22 (S.D. Ohio 2015) (stating "the Court finds that evidence or argument about discovery disputes would be irrelevant and unfairly prejudicial"); *Hinkle v. Ford Motor Co.*, No. 3:11-24-DCR, 2012 U.S. Dist. LEXIS 130585, 2012 WL 4049477, at *6 (W.D. Ky. Sept. 13, 2012) (granting motion *in limine* to exclude evidence of discovery disputes as irrelevant, and noting that such "matters are properly presented to the Court for resolution").

Further, the evidence at issue here is not comparable to spoliation evidence. There is no suggestion that the government destroyed or altered evidence. The argument is strictly related to whether the government sufficiently responded to discovery. In other words, the discovery was available, just allegedly not provided to discovery requests for it.

Based on the foregoing, the Court concludes that the evidence related to discovery is not relevant and is excludable pursuant to Rule 401 of the Federal Rules of Evidence.

**2.     Arguments or Comments Before the Jury Regarding the Bases for Prosecution in this Case or Comparison of this Case to Other Child Exploitation Cases**

The government requests that the Court "preclude the defendant from making arguments or eliciting testimony that challenge the institution of prosecution, such as selective prosecution or the motivations behind the investigation." (ECF No. 84, at 3). Defendant does not oppose this request, stating "Defendant does not intend to present a comparison between the facts of this case versus those in any specific other case the government has prosecuted." (ECF No. 96, at 5).

6

### 3. Knowledge of Age

The government asks for certain evidence and argument related to the age of the alleged victims to be excluded. Defendant agrees with regard to Counts One through Four but raises issues as to how the government seeks to limit age evidence. Thus, the Court will review the admissibility of age evidence on all counts.

### a. Exploitation of a Minor, Attempted Exploitation of a Minor, 18 U.S.C. § 2251(a) and (e) (Counts One through Four)

The government seeks to exclude "any evidence of the defendant's knowledge or belief regarding the ages of Jane Doe #1 or Jane Doe #2," in regard to Counts One through Four (sexual exploitation of a minor or the attempt of such) of the Superseding Indictment. (ECF No. 84, at 5). Defendant does not disagree with this legal proposition.

The government asks that

> neither in opening statements, closing arguments, nor any questioning of witnesses should the defense be allowed to suggest that the defendant's knowledge of the victims' ages, or lack thereof, has any bearing on Counts One through Four.

(ECF No. 84 at 6, n.4.)

The parties are correct that the sexual exploitation of minor statute, 18 U.S.C. § 2251, does not contain any knowledge of age requirement on its face, and the precedent of this Circuit and others have established that no such requirement exists. *United States v. Humphrey*, 608 F.3d 955, 962 (6th Cir. 2010) ("We find the reasoning of the majority of our sister circuits to be persuasive and adopt it as our own. Simply stated, 'the statutory text, legislative history, and judicial interpretation compel the conclusion that knowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense'" under a § 2251(a) offense). Thus, the ages of the alleged victims are not relevant these charges.

7

      **b.**      **Attempted Coercion or Enticement of a Minor, 18 U.S.C. § 2422(b) (Counts Five and Six)**

To convict Mr. Jakits under 18 U.S.C. § 2422(b), the jury has

> to unanimously agree (1) that [Jakits] used interstate commerce in an attempt to knowingly persuade an individual under the age of 18 to engage in sexual activity; (2) that [Jakits] believed that such an individual was less than 18; and (3) that if sexual activity had occurred, [Jakits] could have been charged with a criminal offense under the laws of [Ohio].

*U.S. v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011).

Therefore, in these attempt charges, the government need not prove that the individual the Defendant attempted to entice was actually under the age of 18, but that Defendant believed she was under 18. *See id.*

      **c.**      **Child Pornography (Counts Seven and Eight)**

            **(i)**      **Making an Interstate Notice for Child Pornography, 18 U.S.C. §§ 2251(d)(1)(B) and (e) (Count Seven)**

Count Seven of the Superseding Indictment charges violation of Making an Interstate Notice for Child Pornography, 18 U.S.C. § 2251(d), which is the sexual exploitation of minor statute, 18 U.S.C. § 2251 discussed *supra*. Specifically with regard to Count Seven, the Sixth Circuit has held "as an issue of first impression, knowledge of the victim's age is neither an element of the offense nor an affirmative defense to charge of producing child pornography[.]" *U.S. v. Humphrey*, 608 F.3d 955 (6th Cir. 2010). Thus, as is the case in Counts One through Four, the minor's age is irrelevant to Count Seven.

            **(ii)**      **Receipt of Child Pornography, 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count Eight)**

Count Eight charges a violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), which requires that Defendant "knowingly received . . . any child pornography" or "any material that contains child pornography." *See U.S. v. Ogden*, 685 F.3d 600, 603–04 (6th Cir. 2012). "[T]hat the

defendant knew the visual depiction involved a minor engaging in sexually explicit conduct, is based on *United States v. X-Citement Video*, 513 U.S. 64, 78 (1994), in which the Court held that the scienter requirement of knowingly 'extends both to the sexually explicit nature of the material and to the age of the performers.'" Pattern Crim. Jury Instr. 6th Cir. 16.05 (2023), Pattern Crim. Jury Instr. 6th Cir. 16.05 (2023). "Proof of knowledge . . . is rarely established by direct evidence." *U.S. v. Hentzen*, 638 Fed. Appx. 427, 431 (6th Cir. 2015) (citing *United States v. Scruggs,* 549 F.2d 1097, 1104 (6th Cir. 1977)). "Instead, knowledge of the contents of material 'may be proven by circumstantial evidence.'" *Id*. (citing *United States v. Kussmaul,* 987 F.2d 345, 350 n. 4 (6th Cir. 1993)). Accordingly, as is the case in Counts Five and Six, in Count Eight the government must prove that Defendant believed the alleged victims were minors.

    4.    **"Good Acts" Evidence**

The government moves to preclude evidence and argument regarding Defendant's prior good acts, including his "strong relationship with his daughter, his relationship with his life partner, his role as an engaged and involved grandfather, his close relationship with his brothers, and his role as a supportive and engaged member of the professional sailing community and businessman." (ECF No. 84, at 7). The United States argues that highlighting these personal and community relationships in the context of Defendant's jury trial would be improper because they "do not go to his law-abidingness" and "any attempt by the defendant to demonstrate that he interacts with others (be it adults or minors) without an intent to exploit them does not go to any pertinent character trait." (*Id*. at 9).

In response, Defendant states that he "has no intention of introducing evidence of specific instances in which he helped people, did something worthy of commendation, or accomplished something impressive." (ECF No. 96, at 6). Defendant asserts, however, that he "certainly will

9

discuss his family, personal and professional background as part of his testimony to give the jury a sense of who he is generally and where he comes from." (*Id.*) He argues "for Defendant to testify that he has a life partner, a daughter, two granddaughters, and was a successful businessman does not venture into the realm of 'specific good acts.'" (*Id.*). This Court agrees.

"[T]he defendant's family relationships, engagement in particular communities, ect." are not specific acts. (ECF No. 84, at 9). They are merely facts of his life. Within reason, Defendant may "discuss these facts as relevant foundation for his testimony. Thus, the government's request is granted in part and denied in part.

     5.     **Consent of Alleged Victims to Engage in Sexually Explicit Conduct**

The government requests that the Court "limit argument suggesting that the victims 'consented' to any of the charged conduct" because it not relevant. (ECF No. 84, at 10). Defendant responds that "while *consent* of the minor to the conduct is not by itself an absolute defense, it is incorrect to suggest that the minor's intent—more accurately his or her state of mind—is irrelevant." (ECF No. 96, at 8) (emphasis in original). This Court disagrees.

     a.     **Counts One through Four**

Consent is not a defense to Counts One to Four, two counts of sexual exploitation of a minor in violation under 18 U.S.C. §§ 2251(a) and (e) and two counts of attempted sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e). A minor simply cannot give valid consent to being sexually exploited. *See United States v. Sibley*, 681 F. App'x 457 (6th Cir. 2017) ("[Victim]'s consent is irrelevant to the question whether [Defendant] used her for the purposes of 18 U.S.C. § 2251(a)."). Therefore, the minor's state of mind is irrelevant.

### b. Counts Seven and Eight

Like the first four counts, consent is not a defense to Counts Seven and Eight, which regard making a notice for child pornography and receipt of child pornography, under 18 U.S.C. § 2251(d)(1)(B) and § 2252(a)(2).  The state of mind of the recipient of a notice under § 2251(d) or the sender of depictions under § 2252(a) is not an element of the offenses. 18 U.S.C. § 2251 ("Sexual exploitation of children"); 18 U.S.C. § 2252 ("Certain activities relating to material involving the sexual exploitation of minors," such as transporting visual depictions of minors engaging in sexually explicit conduct.)   Here too, the minor's state of mind is irrelevant.

### c. Counts Five and Six

As to Counts Five and Six, attempted coercion or enticement of a minor under 18 U.S.C. § 2422(b), the Sixth Circuit sets out the elements of the crime:

> The statute provides:
>
> > Whoever, using . . . any facility or means of interstate . . . commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.
>
> 18 U.S.C. § 2422(b).
>
> The elements of this crime are that (1) the defendant used a means or sexual activity or to attempt to do so; (2) that the defendant believed the person was under the age of 18; and (3) that if sexual activity had occurred, the defendant could have been charged with a criminal offense under state law. *United States v. Hart,* 635 F.3d 850, 855 (6th Cir.2011).

*U.S. v. Roman*, 795 F.3d 511, 515–16 (6th Cir. 2015) (alterations in original) (holding that "a defendant's communications with an adult intermediary . . . may be punished as an attempt under § 2422 where the defendant sought to obtain the minor's assent to the unlawful sexual activity").

Defendant points out that he and the government agree "with respect to Counts 5 and 6, 'it is a requirement of the offense that the victims *not initially be in a state of assent or consent to sexual activity*, and that the defendant's actions be directed at achieving that mental state." (ECF No. 96 at 7) (emphasis in the original). Defendant maintains:

> While it may be true that an attempt charge does not require proof that the required mental state of the alleged victim be achieved . . . it ignores the issue as presented on the facts in this case. Where, as here, the proof of Defendant's alleged coercion, enticement, persuasion and/or inducement will depend so heavily on testimony from Jane Doe #1 and Jane Doe #2, evidence that they not only assented to the exchange *from the outset*, but that it was their and/or their mother's idea from the beginning, calls into doubt the very notion that Defendant coerced, enticed, persuaded, or induced anything."

(*Id*., at 7) (emphasis in original).

Regardless of what the government and Defendant agree, it is simply not "a requirement of [§ 2422(b)] that the victims *not initially be in a state of assent or consent to sexual activity*." *See United States v. Peterson*, 977 F.3d 381, 389–90 (5th Cir. 2020) (rejecting argument that the government must show that the minor was "unwilling" until the defendant's actions persuaded the minor to engage in sexual activity). Instead, it is the government's burden to show that Defendant intended to persuade, induce, entice or coerce the minor with the purpose of causing or with the belief that it would cause such result (*i.e.*, assent of the minor) without further conduct on his part. The mental state of the minor at the outset of the crime is irrelevant to this inquiry. As the Seventh Circuit recently explained on this issue:

> Under § 2422(b), a minor's willingness or unwillingness to engage in sexual activity is irrelevant. *See United States v. Dhingra*, 371 F.3d 557 (9th Cir. 2004) ("The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation."). As we've noted before, the "essence of [§ 2422(b)] is attempting to obtain the minor's assent" to sexual activity. *See United States v. Hosler*, 966 F.3d 690, 692 (7th Cir. 2020) (citation omitted).

12

> The focus is therefore on the defendant, not the victim. As long as [Defendant] York's actions constitute an attempt to entice "Brionica" to engage in sexual activity, the government satisfies § 2422(b). *Berg*, 640 F.3d at 246; *see also Zupnik*, 989 F.3d at 654 (8th Cir. 2021) (noting that a defendant can be found to "persuade" or "entice" even a seemingly "willing" minor); *United States v. Peterson*, 977 F.3d 381, 389–90 (5th Cir. 2020) (rejecting argument that the government must show that the minor was "unwilling" until the defendant's actions persuaded the minor to engage in sexual activity).

*United States v. York*, 48 F.4th 494, 500 (7th Cir. 2022).

In his opposition memorandum, Defendant continues, offering additional support for his position:

> Indeed, the verbs persuade, induce, entice and coerce denote "acts that seek to transform or overcome the will of a minor." *United States v. Hite*, 769 F.3d 1154, 1161 (D.C. Cir. 2014).
>
> Accordingly, the Sixth Circuit has held that 18 U.S.C. § 2422(b) requires proof the alleged minor victim was not initially in a state of assent, even in the context of an alleged attempt because the statute "criminalizes an intentional attempt to achieve a *mental* state—a minor's assent[.]" *United States v. Roman*, 795 F.3d 511, 517 (6th Cir. 2015) (quoting *United States v. Dwinells*, 508 F.3d 63, 71 (1st Cir. 2007)) (emphasis in original).

(ECF No. 96 at 7.)

Defendant misapprehends the quote upon which he relies from the Sixth Circuit case. The *Roman* court's explanation that § 2422(b) criminalizes an intentional attempt to achieve the assent (a *mental* state) of the minor *does not* put at issue or make relevant the mental state of the minor. Whether the minor was in or achieved the mental state of assent is irrelevant. The relevant conduct here is that of Defendant -- whether he attempted to persuade, induce, entice, or coerce.

Indeed, the *Roman* court reiterated that the Sixth Circuit had previously "held that the statute is violated even if the targeted minor is not a real person as long as the defendant demonstrates that he is, or is attempting to, persuade, induce, entice, or coerce the minor to

13

engage in sexual activity." *Roman*, 795 F.3d at 516 (citation omitted). In other words, the *focus* is on the defendant, not the victim, as the *Roman* court highlighted when discussing § 2422(b):

> "Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves." [*United States v. Bailey,* 228 F.3d 637, 639 (6th Cir. 2000)] As a result, the *focus* always remains on the defendant's subjective intent because the statute is "designed to protect children from the act of solicitation itself." *United States v. Hughes,* 632 F.3d 956, 961 (6th Cir.2011); *Hackworth,* 483 Fed. Appx. at 977

*Roman*, 795 F.3d at 516 (emphasis added).

Similarly, Defendant misunderstands *Hite's* statement relating to the verbs persuade, induce, entice and coerce. Defendant is correct that those verbs "denote acts that seek to transform or overcome the will of a minor." (ECF No. 96 at 7) (citing *Hite*, 769 F.3d at 1161). A defendant can seek to transform or overcome the will of a minor regardless of the state of mind of the minor. *See id.* ("Whether the defendant aims to achieve a minor's assent by contacting the minor directly, by sending the minor enticing messages through an adult intermediary, or by enlisting an adult intermediary to persuade the minor, *the defendant has the same intent to gain the minor's assent. And that intent is criminalized under § 2422(b).*") (emphasis added). The will of the minor matters not at all – whether it is the minor's state of mind at the outset, middle, or completion of the enticement or attempted enticement.

Accordingly, the mental state of the minors in this action is irrelevant and, therefore, excluded.

### 6. Punishment or Collateral Consequences and Jury Nullification

The government seeks to preclude "[i]nformation relating to punishment or collateral consequences following conviction." (ECF No. 84, at 13). This includes "the term of incarceration applicable to the offenses charged, or any collateral consequences of conviction, such as having to register as a sex offender." (*Id*.). The government also asks for exclusion of

evidence or arguments intended or likely to invite jury nullification, asserting that "[a]ny suggestion by the defendant, by way of argument, questioning, or presentation of evidence, that the jury engage in such nullification would be improper and should be prevented by the Court. (*Id*. at 13, 14.)

Defendant responds that he has "no intention of presenting evidence or argument identifying the mandatory minimum or maximum sentences, or applicable Guideline ranges, if he is convicted, or the fact that he would be required to register as a sex offender." (ECF No. 96, at 8).

The parties are correct. "When a jury has no sentencing role, providing sentencing information "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *U.S. v. Johnson*, 62 F.3d 849, 850 (6th Cir. 1995) (quoting *Shannon v. U.S.*, 512 U.S. at 579 (1994). The Sixth Circuit explained further:

> Indeed, the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law. In *United States v. Calhoun*, 49 F.3d 231, 236 n. 6 (6th Cir.1995), this Circuit held that a defendant did not have the right to inform the jury of possible punishment or that the jury had the power to nullify the law.

*Id*. at 850–51

Accordingly, Defendant's punishment or collateral consequences is excluded as irrelevant.

Defendant addresses the issue of jury nullification, arguing that he "will not make arguments or comments to the jury telling them that they have the power to nullify or specifically arguing that they should do so in this case." (ECF No. 96, at 9). However, he contends that "the government's request that Defendant be prohibited from making 'any suggestion' the jury

15

engage in nullification ([ECF No. 84] at 13) or 'presenting evidence or arguments intended or likely to invite jury nullification' (*Id*. at 15) are much broader and would preclude Defendant from presenting valid and admissible arguments, evidence, and impeachment material." (*Id*.).

Both parties agree, and it is well settled, that jurors may not be instructed that they "have the power to ignore the law." *United States v. Avery*, 717 F.2d 1020, 1027 (6th Cir. 1983) (citing *Sparf & Hansen v. United States*, 156 U.S. 51, 102 (1895). Further, the Court finds that it would be improper for Defendant to suggest that the jury should acquit him even if it finds that the United States has met its burden of proof. As to any remaining concern, the Court is currently without sufficient information as to how the evidence may be presented at trial and will, therefore, rule on any objections at trial. The Court cautions either side that, if it has a concern about the admissibility of the evidence, a request to take argument at side bar is the appropriate procedure.

### 7. Criminal Exposure of Alleged Victims

In his response memorandum, Defendant also makes an argument related to the admissibility of the potential criminal liability of the alleged victims in this case. Defendant raises this argument in the context of collateral consequences and punishment, suggesting that the government may have been referring not only to Defendant but also to witnesses. Defendant states that

> the government's request to broadly preclude introduction of any "information relating to punishment or collateral consequences" would keep out more than just that which may be problematic. Further, when Ashley M., Jane Doe #1, and/or Jane Doe #2 testify, in examining them regarding their own conduct vis-à-vis S.P., Defendant will ask questions pointing out that their conduct creates not just criminal exposure for them, but significant criminal exposure, and asking whether they have received any promises or assurances from the government with respect thereto.

Defense counsel can conduct such examinations without identifying the specific

16

>mandatory minimum sentences applicable to those offenses, but the point will be made that they face criminal consequences and they are substantial. This would be fair and appropriate cross-examination for any witness facing his or her own criminal exposure; that should not change simply because Defendant is charged with the same thing. If anything, the instant situation heightens the significance of the point.

(ECF No. 96 at 8–9.) Defendant's arguments are not well taken.

In theory, the potential criminal liability of these witnesses/alleged victims would be relevant if they were cooperating co-defendants and the government made any promises to them for their testimony – but Defendant would already know about this through discovery and the Jencks Act, 18 U.S.C. § 3500. The evidence before the Court at this time, however, does not show that these witnesses are facing criminal charges that will be lessened for their testimony or that the government made any promises to them for their testimony. Defendant's belief that these individuals engaged in criminal behavior is not relevant.

Based on the foregoing, the government's Motion in Limine is **GRANTED** in part and **DENIED** in part.

C.      **Motion in Limine to Exclude Evidence Regarding S.P.**

The evidence at issue here concerns S.P., a minor, who is a friend of Jane Doe #1 and knew A.M. and other members of Jane Doe #1's family. There is evidence of photographs of S.P., a minor, in her underwear and brazier. The government moves to exclude "any evidence or argument pertaining to the creation of sexually suggestive images of S.P." (Doc. 86 at 12.) In support, the government claims that "evidence of these events is tenuous and largely irrelevant to the defendant's [alleged] exploitation and attempted exploitation of" Jane Doe #1 and Jane Doe #2. (Doc. 86 at 1.)

The government explains its position as follows:

17

> Jane Doe #1 and Jane Doe #2 can generally be questioned about whether they initially or voluntarily reported their interactions with the defendant to law enforcement, whether they immediately and voluntarily revealed everything they knew to law enforcement, whether they have or had an interest in protecting A.M. from legal problems, and whether they feared that they may face legal repercussions for taking and sending nude photographs. Given the numerous opportunities that the defense has to attack the credibility of the witnesses without confusing the jury with the side story of S.P., it is well within this Court's discretion to limit cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Love*, 553 F. App'x 548, 552 (6th Cir. 2014) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)) (internal quotations omitted). The ambiguous story surrounding S.P. is unnecessary to attack the minor victims' credibility, will serve only to harass the witnesses and confuse the jury, and should be excluded.

(ECF No. 86 at 10–11) (also arguing that S.P. evidence would create a mini-trial to determine whether and how it occurred).

Defendant responds that A.M. and her two daughters attempted to exploit S.P. to provide pictures to attempt to blackmail Defendant. He concludes that the evidence is relevant to the charges against him and that it is also important for impeachment purposes, stating:

> Ashley M., Jane Doe #1 and Jane Doe #2, as well as others, engaged in a joint enterprise to send pictures to Defendant for money, to blackmail him, and to attempt to receive leniency for Ashley M.s extensive criminal record and pending charges. This information is relevant to multiple elements of the offenses with which Defendant is charged.
>
> This includes both teenage girl's own states of mind, and that Defendant overcame or attempted to overcome their will. It includes whether either girl even engaged in any "sexually explicit conduct" or "unlawful sexual activity," much less whether they did so for the purpose of producing any visual depiction thereof. Additionally, this evidence further bears on the credibility of at least five (and perhaps more) witnesses and contradicts the government's underlying narrative of the case.

*Id*.

This Court disagrees.[1]  First, the state of mind of the alleged minor victims is not relevant for reasons set forth above.  Second, the alleged victims are not cooperating co-defendants and are not charged with any crime as discussed above.

Third, Defendant's argument that the S.P. evidence is relevant to prove "whether either girl even engaged in any 'sexually explicit conduct' [§ 2251(a)] or 'unlawful sexual activity,' [§ 2422(b)] much less whether they did so for the purpose of producing any visual depiction thereof," misses the mark.  As to the "sexually explicit conduct," under § 2251(a) the question is not whether *either girl* engaged in the sexually explicit conduct and that *they did so* for the purpose of producing a visual depiction.  Instead, the relevant inquiry is whether "defendant 'acted with the *intent* to create visual depictions of sexually explicit conduct, and that the defendant *knew* the character and content of the visual depictions." *U.S. v. Frei*, 995 F.3d 561, 566 (6th Cir. 2021), *cert. denied,* 211 L. Ed. 2d 380 (Dec. 6, 2021) (emphasis within quotation in the original).  Section "2251 is a specific-intent crime, which requires that the defendant must purposefully or intentionally commit the act that violates the law and do so intending to violate the law.  S.P.'s conduct does not make this conduct of Defendant more or less probable.

Similarly, § 2422(b) "criminalizes both the enticement and the attempted enticement, but not the actual performance of the sexual activity." *U.S. v. Fuller*, 77 Fed. Appx. 371, 378 (6th Cir. 2003) (citing *United States v. Bailey,* 228 F.3d 637, 639 (6th Cir. 2000) for the proposition that "intent to commit the sexual act is not required to prove attempt to persuade a minor to engage in sexual activity," *cert. denied,* 532 U.S. 1009 (2001).  Indeed, the *Fuller* court indicated

---

[1] The intersection of this evidence with Rule 412 of the Federal Rules of Evidence is the subject of a forthcoming decision.

that the assertion that "a sexual act [is an] element[] of the charged offense [§ 2422(b)]. . . . is meritless." *Id*. Thus, evidence seeking to prove that no sexually explicit conduct is irrelevant.

## IV.

Based on the foregoing, the Court **GRANTS** the Government's Motion in Limine Regarding Victim Identification (ECF No. 83), **GRANTS in part and DENIES in part** the Government's Motion in Limine to Exclude Certain Evidence and Argument (ECF No. 84), and **GRANTS** the Government's Motion in Limine to Exclude Evidence Pursuant to Rules 403 and 404(b) Regarding S.P. (ECF No. 86).

As to impeachment evidence, the Court will be better suited to make these determinations as the evidence is presented in trial. Further, as with all in limine decisions, this ruling is subject to modification should the facts or circumstances at trial differ from those which have been presented in the pre-trial motions and memoranda.

**IT IS SO ORDERED.**

<u>5/2/2023</u>                                                   <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**