UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**BERNHARD JAKITS,**

    **Defendant.**

Case No. 2:22-CR-194
JUDGE EDMUND A. SARGUS, JR.

### OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine Regarding References (ECF No. 101), Defendant's Motion in Limine Regarding Other Acts, Alleged Res Gestae Evidence, and Interactions with Adults (ECF No.102), Defendant's Motion in Limine to Regarding Certain Text Communications (ECF No. 103), and the Government's Omnibus Response (ECF No. 118). For the reasons that follow, the Court **DENIES IN PART AND DENIES AS MOOT IN PART** Defendant's Motion in Limine Regarding References (ECF No. 101), **DENIES AS MOOT** Defendant's Motion in Limine Regarding Other Acts, Alleged Res Gestae Evidence, and Interactions with Adults (ECF No.102), and **DENIES IN PART AND DENIES AS MOOT IN PART** Defendant's Motion in Limine to Regarding Certain Text Communications (ECF No. 103),

### I.

On October 11, 2022, the Grand Jury returned an eight-count indictment against Bernhard Jakits. (ECF No. 4). This indictment was superseded January 17, 2023. (ECF No. 46.) The superseding indictment included nine counts: Counts One and Two allege sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e); Counts Three and Four

1

allege attempted sexual exploitation of a minor in violation of the same, 18 U.S.C. §§ 2251(a) and (e); Counts Five and Six allege attempted coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b); Counts Seven alleges the making an interstate notice for child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(B) and (e); Count Eight alleges the receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), and (b)(1); and Count Nine alleges transportation of obscene matters in violation of 18 U.S.C. §§ 1462(a).

Defendant filed a motion requesting severance of Count Nine (ECF No. 58), which was opposed by the government (ECF No. 65). This Court granted Defendant's request (ECF No. 75), leaving Counts One through Eight as part of the first trial scheduled against Mr. Jakits.

## II.

Preliminary questions relating to the admissibility of evidence may be raised pretrial with the Court via a motion in limine. *Se*e Fed. R. Evid. 104(a); *Compton v. Kolvoord,* No. 92-3214, 1993 WL 141063, at *2 (6th Cir. Apr. 30, 1993). Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme Court has noted that the practice of such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984); *In re. E.I. Du Pont De Nemours & Co. C-8 Personal Injury Litigation*, No. 2:13-CV-1103, 2016 WL 3064124, at *2 (S.D. Ohio May 30, 2016)).). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial, to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004).

To obtain the exclusion of evidence, a party must prove that the evidence is clearly inadmissible on all potential grounds. *Id*. "Unless evidence meets this high standard, evidentiary

rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.* at 846; *In re. E.I. Du Pont*, 2016 WL 3064124, at *2.

Evidence is not admissible if it is irrelevant. *See* Fed. R. Evid. 401, 402. To establish the relevance of a particular matter, the evidence must affect the "probability of the existence of any fact that is of consequence to the determination of the action." Fed. R. Evid. 401. Further, even potentially relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

District courts also frequently grant motions in limine to prevent the introduction of improper character evidence at trial. *See* Fed. R. Evid. 402, 403, 404, 608, and 609; *U.S. v. Stout*, 509 F.3d 796, 797 (6th Cir. 2007) (affirming grant of motion in limine suppressing prior bad acts evidence); *Allstate Ins. Co. v. Shuler*, No. 94-5329, 1995 WL 258139, *4 (6th Cir. May 2, 1995) (affirming decision of district court granting motion in limine excluding character evidence until character attacked); *Randolph v. Ohio, Dept. of Youth Servs.*, No. C2- 01-1253, 2007 WL 2852356, *2 (S.D. Ohio Oct. 2, 2007) (granting motion in limine excluding improper character evidence); *Ross v. American Red Cross*, No. 2:09-cv- 00905-GLF-MRA, 2012 WL 2004810, at *4 (S.D. Ohio June 5, 2012) (granting motion in limine excluding improper character evidence).

### III.

**A.     Defendant's Motion in Limine Regarding References to Grand Jury and Indictment**

Defendant moves to exclude the following:

> Any evidence of, or reference to, the grand jury proceedings or either of the indictments returned by the grand jury should be barred under Rule 401 and/or 403

3

> because they are irrelevant to the issues in the case and would violate Defendant's Fifth Amendment to a fair trial by predisposing the jury to finding Defendant guilty by informing or suggesting to them that another body already has made a finding or determination that Defendant committed the offenses with which is charged.

(ECF No. 101 at 3.)

The government does not oppose Defendant's request regarding reference to the grand jury at trial. Consequently, this portion of the in limine motion has been rendered moot and will be **DENIED AS MOOT**.

With regard to the parties referring to the indictment during the trial, Defendant argues that

> because the term "indictment" is commonly understood by most laypersons to be something that is produced by a grand jury, the use of that term itself (even without reference to the grand jury) presents the same risk of prejudice and dilution of the Court's instructions on the presumption of innocence and burden of proof. There is no purpose served by using the word "indictment" in describing the charges; they can be referred to simply as that, "the charges" and the Court can explain that the charges are just that, the way the government tells the defendant what crimes he is accused of committing, and avoid the inherent implications that come with use of the term "indictment."

(ECF No. 101 at 4) (citing *Kenniston v. McDonald*, No. 15CV2724 AJB (BGS), 2017 WL 11238062, at *41 (S.D. Cal. Feb. 15, 2017), *report and recommendation adopted*, 2019 WL 2579965 (S.D. Cal. June 24, 2019) (excluding reference to the indictment.)).

The government responds that in this circuit, courts regularly refer to the charging document as the indictment during trial. (ECF No. 118) (citing *United States v. Lawson*, 535 F.3d 434, 441 (6th Cir. 2008)). The government also maintains that the Sixth Circuit pattern jury instructions contemplate possible references to the indictment, setting out § 2252(a) as "Count __ of the indictment charges the defendant with [receiving] [distributing] [reproducing for distribution] a visual depiction of a minor engaged in sexually explicit conduct." Pattern Crim. Jury Instr. 6th Cir. § 16.05 (2023) (Material Involving the Exploitation of Minors: Receiving, Distributing, or Reproducing for Distribution a Visual Depiction) (Charge 8 of the Superseding

4

Indictment). Finally, the United States notes that this Court frequently references indictments in criminal cases. The government concludes that Defendant will suffer no prejudice following the normal course for this jurisdiction. (ECF No. 118 at 3.) These arguments are well taken.

In the Sixth Circuit, "[t]he rule is clear in this circuit that the district court 'has discretion to submit the indictment to the jury in a criminal case as long as limiting instructions are given to the effect that the indictment is not to be considered as evidence of the guilt of the accused.'" *U.S. v. Lawson*, 535 F.3d 434, 441 (6th Cir. 2008), *as amended* (Oct. 9, 2008). Thus, it is equally permissible, and is this Court's practice, to refer to the charging document by its name, here superseding indictment, and to provide the jury with the instruction approved by the Sixth Circuit in its Patterned Jury Instructions. Further, the Court will instruct the jury that a) the indictment is not evidence; b) Defendant starts the trial cloaked in a presumption of innocence; and c) the Court will not explain the role or functioning of a grand jury. The Court will not read the indictment to the jury, nor will the indictment be given to the jury. Thus, this portion of the Motion in Limine is **DENIED**.

**B.     Defendant's Motion in Limine Regarding Other Acts, Alleged Res Gestae Evidence, and Interactions with Adults (ECF No.102)**

Defendant moves to exclude "*any* evidence of or reference to sexual encounters, acts, or communications of a sexual nature with adults or any suggestion that Defendant threatened, extorted, or in any way attempted to abuse or overcome the will of any adult with whom he interacted must be excluded because such evidence would not be proper evidence under Rule 404(b), would be irrelevant, and any possible relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and waste of time. Fed. R. Evid. 401 and/or 403." (ECF No. 102.) These issues have been addressed in this Court's Opinion and Order on the first round of motions in limine (ECF No. 124) as well as

5

its Opinion and Order on the parties' memoranda regarding obscenity evidence (ECF No. 131). Thus, this motion has been rendered moot and will be **DENIED AS MOOT**.

**C.      Defendant's Motion in Limine to Regarding Certain Text Communications**

Defendant moves in limine to have a text message exchange between Defendant and a friend, Phil Bayer, beginning on January 13, 2019, and continuing until January 18, 2019.  In the text message exchange "Defendant sends Mr. Bayer 13 of the images the government alleges Jane Doe #1 sent to Defendant, and Defendant and Mr. Bayer exchange comments regarding the images . . . ."  (ECF No. 103 at 2.)  The text exchange follows:

[*Defendant sends three photographs of Jane Doe #1 and/or Jane Doe #2.*]

Phil B.:  You've been naughty!
Phil B.:  Out of sight . . .

Defendant:  Honestly Phil, if you had the opportunity, what would you do???

Phil B.:  My strong moral fiber would not allow me to indulge . . .
Phil B.:  Much. . .
Phil B.:  She sizzles
Phil B.:  Can you send her to me via Fed Ex?
Phil B.:  Love to tie her up

Defendant:  No Shit 18 years old

[*Defendant sends two more photographs of Jane Doe #1 and/or Jane Doe #2.*]

Defendant:  Money doesn't buy happiness, but it can and will buy this

Phil B.:  How much?

Defendant:  500 for the whole night

Phil B.:  Wow
Phil B.:   I would order two and hope to die

Defendant:  Having a separate account helps with this.  Its almost as good as getting our window cleaner a leather jacket

Phil B.:  Yeah but you get payoff

[*Defendant sends two more photographs of Jane Doe #1 and/or Jane Doe #2*]

Phil B.: You are killing me...

Defendant: Want to see more?
Defendant: All night with this girl made me feel like I died and went to hell. Do you remember how sweet an 18 year young girl tastes and feels

[*Defendant sends another photograph of Jane Doe #1 and/or Jane Doe #2.*]

Defendant: You've dreaming of her????

Phil B.: Send more photos

Defendant: Why? Hate to see you have a heart attack old man

[*Defendant sends another photograph of Jane Doe #1 and/or Jane Doe #2.*]

Defendant: Twin sisters.
Defendant: If it happens, its going to be the best $1000 that I have ever spent on anything . . . .

[*Defendant sends four more photographs of Jane Doe #1 and/or Jane Doe #2.*]

Phil B.: Where?

Defendant: Join me?

Phil B.: That would be very sick

Defendant: But fun

Phil B.: And jail

Defendant: Oh well

Phil B.: Love the photos

Defendant: Want to see more?

Phil B.: ?
Phil B.: Is Trump a moron?

Defendant: Got movies that i made.
Defendant: More than a moron. So are those that support him

7

>Phil B.: Oh wow
>
>Defendant: For you this would be some great wack off material
>
>Phil B.: Beautiful
>Phil B.: Got lucky yesterday. . . but love self love . . . much easier
>
>Defendant: Honestly Phil, if you had the opportunity to do the mother, and then the twins, what would you do?
>
>Phil B.: All 3 at once . . . then hang all of them and jump off a bridge

(ECF No. 103-1.)

Defendant moves for exclusion of the text messages, contending that "[t]his text exchange is not relevant to any issue the jury will be required to decide in the trial of this matter and, even if it were marginally relevant in some way, any such relevance is substantially outweighed by the risk of undue prejudice, confusion, misleading the jury, and wasting it and the Court's time." *Id*. at 2.

**A.    Rule 403**

The Court addresses Rule 403 first because the government voluntarily limits the text messages that are the subject of Defendant's in limine motion. Rule 403 permits exclusion of potentially relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The government offers:

>This significant probative value is not substantially outweighed by any of the dangers outlined in Rule 403. The text communications describing the minor victims in sexual terms are not highly inflammatory and are certainly not *unfairly* prejudicial given that the communications involve precisely the same child pornography and related images that Jakits is charged with causing the minors to create.
>
>Moreover, to avoid concerns about possible prejudice related to the comments about the former president, the government will not seek to introduce any

8

> communications after the defendant's message to Phil B. on January 18, 2019, at 6:43:06 AM in which Jakits asks "Want to see more?" (R. 103-1, text messages at PageID #1429.)

(ECF No. 118 at 7.) With this limitation, the government's position is correct.

As discussed below, the text messages and images sent in the text communication chain are significantly probative. The defense has claimed in other filings that the minors solicited him. For this to be a defense, he must show not that they merely solicited him, which is not a defense, but that he did not respond in a way that showed his intent to employ, use, induce, or entice the minors. These text messages are probative of his intent. That probative value is not substantially outweighed by the danger of unfair prejudice when they are limited to only the texts up to and including Mr. Jakit's question "Want to see more?"

Defendant next argues that the jury will be confused because some of the acts he described in his text communications did not occur, including any in-person activity and the creation of movies. (ECF No. 103 at 6) ("Presenting the jury with text messages in which Defendant claims that Jane Doe #1 and Jane Doe #2 are 18-year-old twins, that he had slept with one of them, that he might sleep with both of them for $1,000, and that he has 'movies that I made'—none of which is even true or claimed to be true—can only serve to confuse the jury and distract it from the actual issues in the case, *i.e.*, the nature of the images themselves, the timing and circumstances of their production, and the substance and context of Defendant's actual communications with Jane Doe #1 and Jane Doe #2.).

The government responds:

> But juries are regularly called upon to consider misleading or exaggerated statements, and there is no reason to believe the jury will be confused by Jakits's boasts when neither the government nor defense counsel are asserting that the sexual encounters as described to Phil B, actually occurred. *See, e.g.*, *Vanderwal*, 533 F. App'x at 502 (holding sexual fantasy story defendant wrote was probative of defendant's intent).

9

> What is relevant, and not confusing, is that the defendant's communications demonstrate his sexual interest in the minors and his intent to have them engage in further sexually explicit conduct. Moreover, the very fact that the defendant falsely described the minor victims' ages—describing them as 18 year-old twins, when the evidence indicates he knew at the time that they were not twins and not eighteen years old—is relevant evidence of consciousness of guilt.

(ECF No. 118 at 7–8.)  This Court agrees.  There is no reason a jury will be unable to separate boasting from facts in this situation.  Either party may ask for limiting instructions.

**B.     Rule 401**

Defendant argues that the text chain is irrelevant to the charges against him because "Counts 1 through 8 of the superseding indictment do not charge Defendant with distribution of anything, contraband or otherwise, and such is not an element of any of the offenses with which he is charged." (ECF No. 103 at 3.)

First, as Defendant contends, the text message chain cannot be relevant to a distribution charge that is non-existent, true.  But it is relevant to other counts.  As to Counts 1 and 2, Defendant asserts:

> [T]he exchange with [Phil B.] is not relevant to any issue with respect to Counts 1 and 2. Those charges allege that Defendant employed, used, persuaded, induced, enticed, and coerced Jane Doe #1 and Jane Doe #2 to engage in "sexually explicit conduct" for the purpose of producing a visual depiction of that conduct.
>
> Nothing in the exchange with [Phil B.] is probative of this charge. That Defendant sent one or more of the images the government may allege were produced as a result of the offenses alleged in Counts 1 and 2 makes it no more or less likely that the alleged crime occurred. Defendant makes no statements about the circumstances that led to the production of any of the images he sent [Phil B.].

(ECF No. 103 at 4.)

The government disagrees, positing:

> [T]he texts are highly probative of and relevant to the defendant's intent in communicating with the minor victims. The texts to Phil B. all occurred within the same timeframe in which the defendant was soliciting images from and attempting

10

> to solicit video chats with the minor victims. Not only do the texts corroborate the defendant's on-going efforts to sexually exploit both minor victims, they also show that his intent in communicating with the girls was to have them engage in sexually explicit conduct.
>
> Jakits is charged with attempted sexual exploitation of the victims as well as attempted coercion or enticement of them. As the government has outlined in prior filings, the Sixth Circuit has held that a jury may consider "a broad range of contextual facts," including the "defendant's objective conduct taken as a whole" to determine whether a defendant charged with attempted sexual exploitation intended to create a lascivious depiction of a minor.

(ECF No. 118 at 4–5) (citing *United States v. Vanderwal*, 533 F. App'x 498, 502 (6th Cir. 2013)). These arguments are well taken.

Counts 1 and 2, sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), requires the government to prove beyond a reasonable doubt that Defendant "employed, used, persuaded, induced, enticed, and coerced" a minor to engage in sexually explicit conduct for the "purpose of producing a visual depiction" of that conduct. The Sixth Circuit, in joining the majority of circuits, has made clear that that "the 'use' element is satisfied if a minor is photographed in order to create pornography." *U.S. v. Wright*, 774 F.3d 1085, 1089 (6th Cir. 2014).

Further, as to the term "producing," the Sixth Circuit states that "as the Eighth Circuit observed," the term "'producing' is retained in the definition and placed alongside other terms indicates that Congress intended to retain a non-technical definition of the term 'producing' (that is, in the sense of creating or making), but also sought to expand its scope to include activities that may not be generally considered to fall within the typical meaning of the term." *Id*. at 1092 (citing *U.S. v. Fadl*, 498 F.3d 862 (8th Cir. 2007)).

Next, Defendant argues regarding Court Eight:

*Second*, while Count 8 does charge Defendant with receipt of child pornography, the text messages with Mr. Bayer are not necessary to prove Defendant's receipt of

11

> the images. Each of the images Defendant sent to Mr. Bayer were present in a PhotoVault application accessible from Defendant's devices. With respect to Count 8, the issue at trial, therefore, will not be whether Defendant received images, but instead whether those images depict a minor engaged in "sexually explicit conduct" within the scope of 18 U.S.C. 2256(2)(A)'s definition of that term. Defendant's sending of certain images to Mr. Bayer does not alter or add to the content of the images the jury will be asked to decide upon.

(ECF No. 103 at 3.)  This argument is not persuasive.  That is, just because the images were "accessible from Defendant's devices" does not mean that he actually accessed them.  This text chain and the sending of the images proves that Defendant did indeed access the images.

Additionally, Defendant argues that Phil B's statements are all hearsay.  The government responds that they will not be offered for the proof of the matter.  The government is correct that the statements are admissible for the non-hearsay purpose of providing context for the defendant's own clearly admissible party admissions. *See United States v. Jones*, 205 F. App'x 327, 342–43 (6th Cir. 2006); *United States v. Whiteside*, 747 F. App'x 387, 398–99 (6th Cir. 2018).

Accordingly, the Court finds that this limited text message chain is relevant to the charges alleged against Defendant.

## IV.

Based on the foregoing, the Court **DENIES IN PART AND DENIES AS MOOT IN PART** Defendant's Motion in Limine Regarding References (ECF No. 101), **DENIES AS MOOT** Defendant's Motion in Limine Regarding Other Acts, Alleged Res Gestae Evidence, and Interactions with Adults (ECF No.102), and **DENIES IN PART AND DENIES AS MOOT IN**

**PART** Defendant's Motion in Limine to Regarding Certain Text Communications (ECF No. 103).

**IT IS SO ORDERED.**

<u>**5/11/2023**</u>                                                         <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                                    **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**