UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.

**BERNHARD JAKITS,**

      **Defendant.**

**Case No. 2:22-CR-194**
**JUDGE EDMUND A. SARGUS, JR.**

## OPINION AND ORDER

This matter is before the Court on the Government's Motion in Limine to Preclude Evidence Pursuant to Federal Rule of Evidence 412 (ECF No. 104), Defendant's Response in Opposition (ECF No. 121), Defendant's Motion Regarding Potential Rule 412 Evidence and Offer of Proof (ECF No. 134), and the Government's Response (ECF No. 139, sealed). For the reasons that follow, the Court **GRANTS** the Government's Motion (ECF No. 104) and **DENIES** Defendant's Motion (ECF No. 134).

**I.**

On October 11, 2022, the Grand Jury returned an eight-count indictment against Bernhard Jakits. (ECF No. 4). This indictment was superseded January 17, 2023. (ECF No. 46.) The superseding indictment included nine counts: Counts One and Two allege sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e); Counts Three and Four allege attempted sexual exploitation of a minor in violation of the same, 18 U.S.C. §§ 2251(a) and (e); Counts Five and Six allege attempted coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b); Counts Seven alleges the making an interstate notice for child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(B) and (e); Count Eight alleges the receipt of child

1

pornography in violation of 18 U.S.C. §§ 2252(a)(2), and (b)(1); and Count Nine alleges transportation of obscene matters in violation of 18 U.S.C. §§ 1462(a).

Defendant filed a motion requesting severance of Count Nine (ECF No. 58), which was opposed by the government (ECF No. 65). This Court granted Defendant's request (ECF No. 75), leaving Counts One through Eight.

## II.

The government moves for exclusion under Federal Rule of Evidence "Rule 412. Sex-Offense Cases: The Victim's Sexual Behavior or Predisposition," which provides:

> (a) Prohibited Uses. The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct:
>
> > (1) Evidence offered to prove that any alleged victim engaged in other sexual Behavior, or
> >
> > (2) Evidence offered to prove any alleged victim's sexual predisposition.

Fed. R. Evid. 412(a).

Rule 412(b) provides three exceptions under which such evidence may be admissible: (1) where the evidence is offered to prove that someone other than defendant was the source of semen, injury, or other physical evidence; (2) where the evidence is offered to prove consent; and (3) where exclusion of the evidence would violate the defendant's constitutional rights. Fed. R. Evid. 412(b).

## III.

The Court here reviews (A) the initial round of briefing on the potential Rule 412 evidence, (B) the Rule 412(c) hearing, (C) the combination of all evidence and argument before the Court on the potential Rule 412 evidence.

A.     **Government's Motion in Limine to Preclude Evidence Pursuant to Rule 412**

The government moved in limine to exclude certain evidence under Federal Rule of Evidence Rule 412, indicating that it

> anticipates that the evidence adduced in its case-in-chief at trial will consist of testimony from the victims who communicated with the defendant and from law enforcement agents, who investigated the case and/or conducted forensic analysis of the various devices belonging to or used by the victims and the defendant. The forensic testimony will primarily consist of images of the minor victims and communications between the defendant and the victims or communications of the defendant about the victims. The images of the victims include pornographic and non-pornographic content.

(Gov't Mot. at 1–2, ECF No. 104.) With regard to potential 412 evidence:

> The government anticipates that one or both of the minor victims will testify at trial. Other than the fact that Jane Doe #1 had a boyfriend at the time she communicated with the defendant and had previously taken photos of herself wearing a bra and underwear, the government is unaware of any sexual history or predispositions of either Jane Doe.
>
> However, given that the defense previously suggested that Jane Doe #1 met the defendant on the website Skip the Games, which is largely used for advertising prostitution or escort services, and that the minor victims had developed a plot to send sexually explicit images to other individuals to obtain money, the government seeks a ruling that the defense be precluded from cross-examining Jane Doe #1 or Jane Doe #2 about their sexual interactions with individuals other than the defendant, or making any suggestion that either girl had any sort of sexual predisposition.

*Id*. at 2.

Defendant filed a response in opposition to the government's motion, contending that "'[t]he order sought by the government extends well beyond the scope of Rule 412[]." (ECF No. 121 at 1.) Defendant argues that the evidence it seeks to present to support its position is as follows:

> The Defense would present evidence that other men also were contemplated as potential targets from whom Jane Doe #1 and/or Jane Doe #2 could get money by sending them pictures as part of the exact same scheme at the same time as Defendant was targeted not as evidence of "other sexual behavior" (it is actually

3

>the same behavior, at the same time, just viewed in full context) or "sexual predisposition," but as evidence of Jane Doe #1 and Jane Doe #2's actual motivation and purpose, the credibility of their versions of the communications with Defendant, and their motives in testifying and in deleting evidence.

*Id*. at 9.

On May 3, 2023, this Court issued a decision stating:

>Defendant gives examples of why certain alleged conduct of the minor victims should be considered res gestae because the acts, in his view, are inextricably intertwined with the charged offense and are necessary to complete the story of the charged offense. *Id*. at 8. Defendant's narrative of the conduct of the alleged minor victims and their mother is that he was targeted in a scheme to obtain money from him and that they engaged in the same conduct, *i.e.*, targeting other men for money in exchange for sexually explicit pictures. In other words, he intends to offer evidence of the minor victims' sexual behavior with others.

(Op. and Order at 2, ECF No. 126.)

The Court concluded:

>This conduct is uncharged sexual conduct of the alleged victims. It is exactly the type of evidence to which Rule 412 is directed. Consequently, much of the evidence Defendant seeks to introduce is limited under Rule 412.

*Id*.

The Court informed the parties that it would "strictly enforce the procedural requirements of Rule 412 regarding admissibility," which provides:

>(c) Procedure to Determine Admissibility.
>
>(1) Motion. If a party intends to offer evidence under Rule 412(b), the party must:
>
>>(A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
>>
>>(B) do so at least 14 days before trial unless the court, for good cause, sets a different time;
>>
>>(C) serve the motion on all parties; and
>>
>>(D) notify the victim or, when appropriate, the victim's guardian or representative.

> (2) Hearing. Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.
>
> Fed. R. Evid. 412(c).

*Id*. at 3.

The Court, therefore, held in abeyance the government's motion in limine, issued a briefing schedule so that Defendant could comply with Rule 412's requirement to specifically describe the evidence and state the purpose for which it is offered, and scheduled an in-Court hearing. *Id*. at 4.

**B.    Defendant's Motion Regarding Potential Rule 412 Material and Offer of Proof and Rule 412(c) Hearing**

Pursuant to this Court's direction, Defendant filed its Motion Regarding Potential Rule 412 Material and Offer of Proof (ECF No. 134) and the government responded in opposition (ECF No. 139). The government's response included five audio recordings of jail telephone calls that make up the subject matter of the potential Rule 412 evidence. (ECF No. 134, Exs. 1–5.) The Court held a hearing on May 12, 2023, the day after the briefing was complete. (Transcript "Tr," ECF No. 148.)

    **1.    Hearing**

Pursuant to Rule 412(c)(2), this Court held a hearing on the Rule 412 issue on Friday, May 12, 2023. At the hearing, defense counsel indicated that the evidence he seeks to introduce does not implicate Rule 412, but instead shows that the alleged victims engaged in the nonsexual exploitation of other men and that the mother and grandmother proliferated a culture of manipulation and exploitation of men for money. (Tr. at 43–49.)

5

The Court indicated that it was at a disadvantage, because although the jail calls had been submitted for in camera review by the government, Defendant did not specify the statements from the calls he intended to use and for what purpose. In other words, Defendant failed to meet the Rule 412 admissibility requirements. The Court, therefore, invited Defendant to file this information. In response to the invitation, Defendant submitted to the Court a 50-page transcript of jail calls, indicating that "[t]o follow up on our discussion with the Court on Friday, attached for the Court's benefit is a 'clip report' compiling excerpts of transcripts of the various jail calls which the Defense anticipates we might use in some form or fashion, depending upon how the trial goes and what the specific testimony in court is." This Court filed that transcript under seal. (Tr., ECF No. 152.)

2.     **Defendant's Motion and the Jail Calls**

While Defendant largely failed to "specifically describe[] the evidence and state[] the purpose for which it is to be offered," Fed. R. Evid. 412, the Court has carefully reviewed the jail call transcript, the arguments made at oral argument, and all briefing by the parties in making its determination related to Rule 412.

In Defendant's Motion, he posits:

[T]he Defense will offer evidence that the mother and the grandmother of the minor girls established a culture of exploitation of men whereby they sought to obtain money from men in a number of ways.

As we describe in detail below, when the mother went to jail in December of 2018, her daughters and their grandmother were desperate for funds, in particular so that Jane Doe #1 could travel to Jacksonville, Florida with her boyfriend. During this period, the mother, at the time working as a prostitute, communicated with the girls and the grandmother by phone and essentially went through her customer list of men (including the Defendant) and urged the girls especially to contact them.

Contrary to the government's narrative, far from telling her daughters not to contact Defendant, she actually encouraged their contact with him and other men. This evidence will support the Defense position that any photos Jane Doe #1 sent

6

>Defendant were offered by her, not requested by him. We describe below how this fits into the overall defense.

(Def's Mot. at 1–2, ECF No. 134.) Further, Defendant contends the evidence will show that "before the mother went to jail in December of 2018, the mother and both of her daughters discussed a plan to send pictures to Defendant for money—before defendant had had any communication with Jane Doe #1." *Id*. at 4.

Defendant additionally asserts that "[t]o the extent any of the evidence the government seeks to exclude falls under Rule 412, the evidence should still not be excluded. Rule 412 has three enumerated exceptions in criminal cases." (Def's Mem. in Opp. at 10, ECF No. 121) (citing Fed. R. Evid. 412(b)(1)). Defendant relies on the third exception, which "states that a court may admit any evidence whose exclusion would violate the defendant's constitutional rights." *Id*. (citing Fed. R. Evid. 412(b)(1)(C)). Defendant contends that "[e]xcluding the broad categories of evidence the government seeks to exclude runs the risk of violating defendant's Constitutional rights." *Id*.

>Defendant continues:
>
>In summary, the mother and grandmother modeled behavior which influenced Jane Doe #1 and Jane Doe #2 to exploit men and seek money from them in exchange for nude photos. Jane Doe #1 had pre-existing nude photos to send. As a consequence, in need of money, she offered and sent unsolicited photos to the Defendant in exchange for money. Importantly, the handful of photos that the government contends depict "the lascivious exhibition of the genitalia and pubic area" were never requested by the Defendant, and there was not even any payment associated with some of them. Based on forensic evidence, it appears they were volunteered.

(Def's Mot. at 6, ECF No. 134.))

>The government agrees with Defendant, as does the Court, that:
>
>To be sure, whether the minor victims took the sexually explicit photos for the defendant or whether they sent him pre-existing photos is relevant to Counts One and Two (though not to any of the other counts). As such, the defendant should be permitted to cross-examine the minor victims about the timing and origin of the

7

> sexually explicit images. If they respond, as the government anticipates, that they took the images for defendant in exchange for the offered money, any further inquiry would run afoul of Rule 412.

(Gov't Mem. in Opp. at 6, ECF No. 139.)

The government otherwise disagrees, arguing that the calls do not support what Defendant suggests, and even if they did it is exactly the type of evidence Rule 412 is meant to cover. Specifically,

> Defendant's filing sets forth the general theory of his defense, which is premised on his claim that the minor victims' mother created "a culture of exploitation and manipulation of men" that allegedly involved the minor victims sexually targeting the defendant, other men, and possibly one of the minor victim's boyfriends. Defendant's motion references various pieces of evidence, including recorded jail calls and one image of male genitalia, that he asserts supports his belief that the victims were part of this culture and that they acted consistent with this culture in their interactions with him. As this Court previously found, however, any evidence that the minor victims had targeted other men (or involved their friend) in similar schemes falls directly within the scope of Rule 412.
>
> Defendant's theory of the case is a classic sexual propensity argument: he alleges that because the victims were part of a culture that targeted and exploited men and/or because they exchanged sexually explicit photos with a boyfriend, they were more likely to have engaged in similar conduct with the defendant—*i.e.*, targeting him for money in exchange for sexually explicit photographs. This is not permissible under Rule 412(a), and the defendant should be precluded from making this argument or introducing any evidence, including the male genitalia image or recorded calls, in support of this theory.

*Id*. at 4. The government's arguments are well taken.

First, if the evidence were as Defendant presents it, it is the exact type of evidence precluded under Rule 412. Rule 412 applies "in all cases involving sexual misconduct[.]" Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments. It is therefore applicable in cases involving charges such as child sexual exploitation or child pornography. "Sexual behavior" includes "all activities that involve actual physical conduct, *i.e.*, sexual intercourse or sexual contact," or that imply sexual intercourse or sexual contact, such as use of contraceptives, birth

of an illegitimate child, or diagnosis of venereal disease. Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments. The reference to "sexual predisposition" is "designed to exclude evidence that . . . the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech or lifestyle." *Id*. Rule 412 is interpreted broadly and applies to all sexual behavior of the victim "whether offered as substantive evidence or for impeachment." Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments. Because this case involves alleged sexual misconduct, Rule 412 applies and prohibits the introduction of any evidence related to the sexual histories or predispositions of Jane Doe #1 or Jane Doe #2.

Second, the evidence Defendant presents does not fall within any of Rule 412(b)'s exceptions. Defendant asserts that the evidence is required to give him a meaningful opportunity to present a complete defense and prohibiting this opportunity violates his constitutional rights. (Def's Mem. in Opp. at 10, ECF No. 121 at 10–12.) This Court disagrees. The circuit courts have consistently concluded that such evidence is not constitutionally required and thus not admissible.

The Sixth Circuit has addressed the constitutional violation exception to Rule 412(b)(1)(C) in the context of sex trafficking cases, in which defendants have argued that evidence of past prostitution activities by a victim were relevant cross-examination material necessary to protect their constitutional right to present a defense. *United States v. Bixler*, No. 21-5194, 2022 WL 247740, at * 4 (6th Cir. Jan. 27, 2022). The court explained: "Prior acts of prostitution lead only to improper character inferences and are not relevant to proving sex trafficking charges," as such evidence has no bearing on whether defendant "forced or coerced [victims] into prostitution on the *particular occasions* alleged in the indictment." *See also*

9

*United States v. Palms*, 21 F.4th 689, 703-704 (10th Cir. 2021) (excluding victim's prior knowledge and experience in how prostitution worked because it did not counter allegation that Defendant enticed or recruited her or impeach her credibility because under Rule 412(b)(1)(c) the "sexual behavior evidence is not probative of a central issue in this case," and "general impeachment evidence [] is not required by the Constitution"); *United States v. Carson*, 870 F.3d 584, 593-594 (7th Cir. 2017) (defendant's proposed evidence of victims' prior prostitution activities was not relevant to *his* state of mind, *i.e.* whether the defendant subjectively believed the victims voluntarily engaged in prostitution for him, and thus was not constitutionally required under Rule 412); *United States v. Lockhart*, 844 F.3d 501, 510 (5th Cir. 2016) (excluding evidence of prostitution before and after defendants allegedly trafficked victims for irrelevance to any element necessary to convict defendants and exclusion of evidence therefore did not violate their rights under the Due Process Clause, nor did exclusion violate defendants' rights under confrontation clause where they had opportunity to cross-examine victims based on drug use, bias, and potential consent to engage in prostitution for defendants).

  Defendant contends that these trafficking cases are not comparable because "[e]vidence of past prostitution activities are particularly irrelevant and extremely prejudicial in sex trafficking cases. (Def's Mem. in Opp. at 12, ECF No. 121) (citing, *inter alia*, *United States v. Gardner*, No. 16-CR-20135, 2016 WL 5404207, at *3 (E.D. Mich. Sept. 28, 2016) ("Introducing evidence of [witness]'s prior prostitution would solely go to reinforce a narrative that she acted consistent with past sexual behavior, a line of reasoning 'deemed so extremely prejudicial as to warrant special treatment under the Federal Rules of Evidence.")). Further, Defendant maintains that these cases are not helpful because, unlike this case, the evidence showed that the charges themselves and the facts underlying them had no bearing on whether the defendant was guilty of

10

the charged offenses. That, however, is the same situation as here: Whether the minor alleged victims targeted men to give them money for nude pictures has nothing to do with the elements the government must prove in the charges alleged against Defendant. The state of mind of the minors is not an element of any of the offenses nor is it a defense. Therefore, the proposed evidence, even if it was as Defendant purports it to be, is particularly irrelevant and certainly unfairly prejudicial in this child exploitation case.

Any evidence that the minor alleged victims in this case sent, either voluntarily or as a result of coercion, sexually suggestive or sexually explicit images of themselves to persons other than the defendant at times other than those alleged in the superseding indictment, is subject to the same analysis employed by the courts in the sex trafficking cases. Whether or not the minor victims engaged in sexual activity, be it online or in person, with individuals other than the defendant, provides little insight into whether Defendant caused or attempted to cause them to engage in the sexually explicit conduct at issue in this case. Because analysis of a defendant's constitutional right to present such evidence requires consideration of "the extent to which the evidence 'was central to the defendant's claim of innocence,'" and the degree to which exclusion of the evidence "was supported by a 'valid state justification,'" the marginal relevance of the evidence here cannot outweigh the strong interest in excluding the evidence. *Ogden*, 685 F.3d at 605 (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

Third, the Court disagrees with Defendant as to what the evidence shows. The Court finds no evidence before the Court that shows or supports in any way Defendant's contention that Ashley M. "and both of her daughters (the two minor alleged victims) discussed a plan to send pictures to Defendant for money before A[shley] M. went to jail." Nor does Defendant point the Court to any evidence, leaving the sentence un-cited. (Def's Mot. at 4, ECF No. 134.)

11

Further, there is no evidence in the jail calls or otherwise that Ashley M. "encouraged the minor alleged victim to contact Defendant and other men for money." The jail calls are clear that Ashley M. directs her minor daughters *not* to contact Defendant and, as for the other men, Ashley M. asks for phone numbers that are on her own phone that she does not have in jail. Ashley M. does not "urge the girls especially to contact them" or "encouraged their contact with him and other men." (ECF No. 134 at 1.)

Defendant does specifically describe one of the statements from the jail calls and suggests what it will show:

> On January 9, 2019, the family discussed obtaining money from "Dale." They discussed having him drive Jane Doe #1 and Jane Doe #2 to the jail to visit the mother, and the mother urged the grandmother and her daughters to get money from him, remarking: "Trust me. That ride up here to the jail, [Jane Doe #1] and [Jane Doe #2] know how to work a mother fucker. It is not that hard, especially him. Especially, I promise you, him. He's cake."
>
> In summary, the mother and grandmother modeled behavior which influenced Jane Doe #1 and Jane Doe #2 to exploit men and seek money from them in exchange for nude photos.

(Def's Mot. at 6, ECF No. 134.)

This statement provides no indication that either of the minor victims ever engaged in any sexual behavior to target the person in question, a male friend of Ashley M. Ashley M.'s statement that the minor victims may be able to obtain money from this person to help support themselves while she was incarcerated has no relevance to whether defendant used the minors to engage in sexually explicit conduct with the intent to create a visual depiction of that conduct.

Additionally, the statement is hearsay and Defendant has pointed to no exception that would apply to allow admission nor can the Court find one. The only exception remotely relevant is "Then-Existing Mental, Emotional, or Physical Condition." Fed. R. Evid. 803(3) ("A

12

statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will."). The declarant, Ashley M., is not stating her then existing mental or emotional condition. She is, at best, stating her daughters' mental state. However, even as to that exception, it is unlikely that a declarant's statements regarding third parties qualifies for the exception, with most circuits finding that it does not, at least without "independent evidence that connected the declarant's statement with the non-declarant's activities." *U.S. v. Best*, 219 F.3d 192, 198 (2d Cir. 2000) (looking to "ample circumstantial evidence to corroborate" and/or "ample independent proof" that the conduct in the statement had occurred).

Finally, the Court finds unpersuasive Defendant's position taken at the hearing that the evidence reflects extortion disconnected from sex. The position is in complete opposition with what Defendant indicates is relevant and necessary about the evidence. That is, Defendant is clear throughout his briefing that the evidence shows that the minor alleged victims "exploit men and seek money from them in exchange for nude photos." (Def's Mot. at 6, ECF No. 134.) He specifies that "other men also were contemplated as potential targets from whom Jane Doe #1 and/or Jane Doe #2 could get money by sending them pictures as part of the exact same scheme at the same time as Defendant was targeted" or "sexual predisposition," but as evidence of Jane Doe #1 and Jane Doe #2's actual motivation and purpose, the credibility of their versions of the communications with Defendant, and their motives in testifying and in deleting evidence." (Def's Opp. at 9, ECF No. 121.) The minor alleged victims' motivation is not relevant as they are not on trial. And even if the evidence did show what Defendant posits, which it does not, it

13

is unequivocally connected sex/pornography and is offered to show that the minor alleged victims targeted other men to get money for nude photos, which makes it more likely they did the same thing with Defendant. This evidence is precluded by Rule 412.

### IV.

Based on the foregoing, the Court **GRANTS** the Government's Motion (ECF No. 104) and **DENIES** Defendant's Motion (ECF No. 134).

**IT IS SO ORDERED.**

**5/18/2023**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**