# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No: 2:22-CR-194 |
| : | |
| v. : | |
| : | JUDGE EDMUND A. SARGUS |
| : | |
| BERNHARD JAKITS : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SET DEADLINE REGARDING COUNT NINE

Now comes the United States, by and through the undersigned Assistant United States Attorneys, and hereby submits its objection to Defendant Bernhard Jakits' motion to set a deadline for the government to provide notice regarding Count Nine. Because there are numerous other motions still pending that could impact the eventual outcome of Count Nine, the defendant's motion is premature and should be denied.

The Superseding Indictment in this case charged the defendant with eight counts of child exploitation and child pornography offenses and one count of transportation of an obscene matter (Count Nine). After the Court severed Count Nine from the first eight child exploitation/pornography counts, trial on the first eight counts was held in May of 2023, resulting in a conviction on all counts. The day after the verdict was rendered, the defendant filed a motion seeking limited interview of the jurors. (Doc. # 177.) The government filed a response, and that motion remains pending.

The defendant thereafter filed a motion asking that the Court set a deadline of June 20, 2023, by which the government must provide notice of whether it intends to seek a conviction on Count Nine. (Doc. # 182.) Subsequent to the filing of that motion, the defendant also filed a

Motion for Judgment of Acquittal (Doc. # 183) and a Motion for New Trial and/or Mistrial. (Doc. # 184.) The government's responses to those motions are due on or before July 5, 2023.

Given the defendant's myriad attacks on the jury's verdict on counts one through eight and the process that led to that verdict, his motion seeking notice of the government's intent regarding Count Nine is premature. While the case remains in such a state of uncertainty, the defendant cannot demand, and he cites no law that requires, the government to make a determination regarding the final count of the indictment. Rather, once the issues pertaining to the trial are resolved, the Court can rule on the defendant's pending motion to dismiss Count Nine, set Count Nine for trial in the normal course if that motion is denied, and the parties can then make appropriate determinations as to how to proceed on that count.

The defendant asserts that the government's determination regarding Count Nine is necessary now because the Presentence Investigation process has begun and completing that process as to Counts One through Eight may result in duplicative efforts if the defendant is also later convicted on Count Nine. Not so. The pre-sentencing processes can begin while the parties and the Court address the defendant's other outstanding motions. If, after the issues pertaining to the first eight counts are resolved, it appears that there will be a guilty plea or trial on Count Nine, the deadlines related to the Presentence Investigation Report ("PSR") can be extended to accommodate the time necessary to resolve Count Nine and incorporate that count into the PSR. Such a procedure will allow the parties to make decisions with full information without causing duplicative efforts by the parties, the probation office or the Court.

## CONCLUSION

Wherefore, the United States respectfully submits that the Court should deny defendant's motion to set a deadline for notice regarding Count Nine.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/*Heather A. Hill*
HEATHER A. HILL (0100920)
EMILY CZERNIEJEWSKI (IL 6308829)
KEVIN KOLLER (NY 5180609)
Assistant United States Attorneys
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Heather.Hill @usdoj.gov
Emily.Czerniejewski@usdoj.gov
Kevin.Koller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served this 15th day of June, 2023 electronically upon counsel for the defendant.

s/ *Heather A. Hill*
HEATHER A. HILL (0100920)
Assistant United States Attorney